### E. B. LEE v. THE STATE.

No. 4446.   Decided February 24, 1909.

**Local Option—Charge of Court—Intoxicating Liquors.**

Where upon trial of a violation of the local option law the vital question in the case was what constituted intoxicating liquors, this issue should have been submitted as requested. See Court's Comment on refusal of trial courts to submit the law.

Appeal from the County Court of Howard. Tried below before the Hon. L. A. Dale.

Appeal from a conviction of violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Howard County on a charge of selling intoxicating liquors in violation of the local option law.

That he sold the liquor in question and to the party named is not seriously disputed. Practically the only issue involved in the case is as to whether the liquor sold, which was called by the witnesses Hiawatha, was in fact intoxicating. On this issue the testimony was quite conflicting, by far the larger number of witnesses testifying that it was not intoxicating. In this condition of the record the court in general terms instructed the jury that if they believed appellant had sold the intoxicating liquors to the witness W. S. Dewey as alleged they would find him guilty and assess his punishment in accordance with the statute, the terms of which were correctly given in the charge. At the request of counsel for appellant he also instructed the jury that if, notwithstanding the liquors were intoxicating, they were sold by appellant under an honest mistake of fact that they were not intoxicating, they would find him not guilty. In addition to this counsel for appellant requested the court to instruct the jury in substance that before they would be justified in returning a verdict against appellant in the case they

must find from the evidence beyond a reasonable doubt that the liquor sold by the defendant, as alleged in the information, if they found it was sold, contained a sufficient proportion of alcohol to produce intoxication when taken into the stomach of an ordinary man in reasonable quantities, and unless they so find they should acquit him. This instruction was preceded by an instruction that the mere fact that the liquor sold by the defendant could or might have had or produced upon a person drinking it a refreshing or exhilarating effect is not sufficient evidence that it is intoxicating liquor as same is defined in law. There was some evidence in the case that the liquor was refreshing, that it gave one a sense of satisfaction and fullness. Some of the witnesses speak of it as a refreshing drink, but many of them deny, in most positive terms, that it could be intoxicating and speak of it as having a satisfying and exhilarating effect. It may be doubted if the requested charge is literally and technically correct, but in the light of the entire evidence it is not particularly objectionable. The court gave absolutely no definition and no charge in respect to what constituted intoxicating liquors. This was the vital question in appellant's case. This issue should have been submitted. Why it is that courts will persist in not submitting important and controlling issues made by the testimony it is difficult to understand. The whole theory of a trial by jury is bottomed and rests upon the principle that they are and must be the triers of fact and that the court will and must submit to them as arbiters of these matters all the issues and every issue pertinently arising from the testimony. When this is not done trial by jury becomes a mockery and a farce.

There are a number of other questions raised in the record, which we deem unnecessary to discuss.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*