## Red Evans v. The State.

### No. 4563.     Decided March 3, 1909.

**1.—Local Option—Constitutional Law—Election Contest.**

The Act of the Thirtieth Legislature, page 447, regulating contests of local option elections, and providing for conclusiveness thereof in court trials, is constitutional and does not deprive defendant of life, liberty and property.

**2.—Same—Limitation—Elections.**

The Act of the Thirtieth Legislature, page 447, is a statute of limitation against anyone contesting the irregularities of a local option election after the expiration of sixty days, and is a valid law.

**3.—Same—Constitutional Law—Orders of Commissioners Court.**

Article 3391, Sayles' Civil Statute, is not void for uncertainty and is constitutional, and there was no error in permitting the State to introduce the order of the commissioners court to show that the county had adopted local option, and to refuse to permit defendant to contest the validity of said orders after the expiration of sixty days.

**4.—Same—Information.**

Where upon trial of a violation of the local option law the information and affidavit were in the approved form, the same were sufficient.

**5.—Same—Charge of Court—Agency.**

Where upon trial for a violation of the local option law the evidence suggested that the defendant was the agent of the prosecuting witness at the time of the purchase of the liquor, the court erred in his failure to submit this issue to the jury as requested.

Appeal from the County Court of Randall. Tried below before the Hon. A. N. Henson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Reeder, Graham & Williams,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days in jail.

Appellant insists that article 3391, Sayles' Revised Civil Statutes, is void for uncertainty, in that it fails to provide by what authority an order of the commissioners court declaring the result of a local option election shall be published. Appellant insists that the Act of the Thirtieth Legislature, passed May 14, 1907, page 447, regulating contests of local option elections, and providing for conclusiveness

thereof in court trials, has no application to persons other than those that under the provisions of said law, could have contested; and if said law can be construed to have said effect it is violative of defendant's rights as a citizen of the United States, in that it deprives him of life, liberty and property without due process of law. This statute is not only constitutional, but is a salutary· provision of the election law. It does not deprive appellant of life, liberty or property. The contest of an election is an action in rem and not in personam, and after the expiration of sixty days or thirty days, as the case may be, all parties are inhibited under the statute from contesting the regularity of an election. In passing this statute there was no effort made or intention on the part of the Legislature to pass a local option law for any given county that had not already adopted a local option law. The statute simply serves as a statute of limitation and repose against anyone contesting irregularities thereof after the expiration of sixty days. We have frequently upheld the validity of this statute.

We have carefully reviewed appellant's brief and note with pleasure his able argument therein, but after the most deliberate reflection and conclusion, we hold, without a further discussion thereof, that the article is constitutional; and it follows therefore that the court did not err in refusing to permit appellant, after the expiration of sixty days, to introduce evidence going to show irregularities or defects in the initiatory steps necessary to place local option into effect. It was proper for the court to have the county attorney to introduce sufficient number of the orders of the commissioners court to show that the county had adopted local option. It was also proper, as stated, to refuse to permit appellant to contest the validity of said orders after the expiration of the sixty days.

The affidavit and information in this case are in the usual form, and appellant's objections to same are not well taken.

Appellant complains that the court erred in refusing to give charge No. 3, which in effect asked the court to instruct the jury that if appellant was acting as the agent of the prosecuting witness at the time the purchase was made, that they should find him not guilty. The evidence of the prosecuting witness suggests this issue and the court erred in refusing to so charge.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*