## Ex Parte James J. McGuire.

### No. 160.  Decided October 13, 1909.

**1.—Local Option—Habeas Corpus—Constitutional Law.**

The Act of the Thirtieth Legislature, chapter 8, page 447, insofar as it attempts to put the local option law in effect pending an election contest of a local option election, is constitutional.

**2.—Same—Suspension of Prosecution.**

The Act of the Thirtieth Legislature, chapter 8, page 447, providing that, pending such election contest, the enforcement of the local option law in local option territory shall not be suspended, is constitutional, and does not have the effect of suspending prosecution under the law declaring such election to be valid by the proper authorities.

**3.—Same—Grade of Offense—Constitutional Law.**

The question of the constitutionality of the Act of the Thirtieth Legislature, chapter 8, page 447, as to the grade of offense, is not decided.

From Potter County.

Original application for a writ of habeas corpus asking release from arrest for a violation of the local option law, pending an election contest with reference to said law.

The opinion states the case.

*Cooper & Stanford,* for appellant.—The Legislature has no power to declare local option effective in any particular territory in this State, unless a clear majority of the qualified voters within such territory are in favor of prohibition.  Constitution of Texas, art. 16, sec. 20; Ex parte Brown, 38 Texas Crim. Rep., 295, 42 S. W. Rep., 554; Steele v. State, 19 Texas Crim. App., 425; Ninenger v. State, 25 Texas Crim. App., 449, 8 S. W. Rep., 480; Harvey v. State, 33 S. W. Rep., 885.

The Act of the Thirtieth Legislature insofar as it attempts to put the local option law into effect pending a contest is unconstitutional and void, because it attempts to prohibit, regardless of the constitutional provision that it must be adopted by a majority of the qualified voters in the territory affected.  Constitution, art. 16, sec. 20; Ex parte Brown, 38 Texas Crim. Rep., 295, 42 S. W. Rep., 554; Ninenger v. State, 25 Texas Crim. App., 449, 18 S. W. Rep., 480; State v. Gilman (W. Va.), 10 S. E. Rep., 283.

Relator could not be guilty of an offense higher than a misdemeanor, because the votes of Potter County adopted the law at a time when that was the highest grade of offense recognized by law, and the Legislature is without power to force upon them a greater punishment. Dawson v. State, 25 Texas Crim. App., 670; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v. State, 26 Texas Crim. App., 101; Ex parte Massey, 49 Texas Crim. Rep., 60, 92 S. W. Rep., 1086; Hall v. State, 52 Texas Crim. Rep., 195, 106 S. W. Rep., 149; Rippey v. Texas, 193 U. S., 504; Snearly v. State, 52 S. W. Rep., p. 550; Williamson v. State, 41 Texas Crim. Rep., 461, 55 S. W. Rep., 568; McElroy v. State, 39 Texas Crim. Rep., 529, 47 S. W. Rep., 359; Johnson v. State, 52 Texas Crim. Rep., 296, 106 S. W. Rep., 374.

*F. J. McCord,* Assistant Attorney-General, and *Henry S. Bishop,* for the State. As to question of power of the Legislature to declare local option effective in any particular portion of the State, etc.: Savage et al. v. Umphries, 118 S. W. Rep., 893.

RAMSEY, JUDGE.—This is an original application for a writ of habeas corpus presented to the writer in vacation. On notice the case was submitted to the writer and Presiding Judge Davidson on the 24th day of July, 1909, and in view of the importance and difficulty of the questions involved the matter was postponed and continued until the regular meeting of the court for consideration by the full bench.

1. The record shows in substance that the relator was charged by complaint filed in Justice Court of Precinct No. 1, Potter County, Texas, with the offense of unlawfully engaging in the business of selling intoxicating liquors in local option territory under an Act of the Thirty-first Legislature defining such offense. See Acts 31 Legislature, chapter 15, page 284. It is averred in the application that there was an election held in Potter County, Texas, on the 3d day of December, 1907, to determine whether or not the sale of intoxicating liquors should be prohibited in Potter County, and that thereafter the Commissioners Court of said county on the 16th day of December, canvassed the result of such election and declared the same to be in favor of prohibition by a majority of fifteen votes. Soon thereafter certain persons interested procured an injunction prohibiting the publication of the order of the Commissioners Court declaring the result of such election before such publication had been completed. The publications antecedent to the injunction had been made in the Weekly Herald, at that time the only newspaper published in Potter County, Texas. It is also averred that on the 15th day of January, 1908, said parties filed a contest of such election so held on the 3d of December, 1907, alleg-

ing numerous and divers grounds upon which they sought to have the result declaring prohibition to have carried to be set aside and to establish and adjudge the fact to be that prohibition had not in truth been adopted. The injunction sued out was dissolved some time in May, 1908, and the Weekly Herald declined to continue further publication, and the remaining publications were made in the Amarillo News, a newspaper then about to be established, and which carried in its first issue the later publication. The contest instituted resulted on a trial held at the May term, 1908, of the District Court of Potter County, in a judgment declaring prohibition to have carried therein by a majority of eight votes. An appeal was procured from this judgment and same was reversed by the Honorable Court of Civil Appeals of the Fourth District at San Antonio, and remanded for further trial in accordance with law. This contest is now pending, and it is averred that the matters in dispute are of such a character as to make it difficult, if not impossible, to be ascertained in advance the fate of such contest, appellant, in substance, insisting that the ultimate result will disclose that prohibition, in fact, had never carried and that such is the fact. In this state of the record relator submits these propositions: (1) That the Legislature has no power to declare local option effective in any particular portion of the State unless it appears that a clear majority of the qualified voters in the prohibited district voted in favor of prohibition. (2) The Act of the Thirtieth Legislature, insofar as it attempts to put the local option law in effect pending the contest, is unconstitutional and void, because it attempts to institute prohibition regardless of the constitutional provision that it must be adopted by a majority of the qualified voters in the territory affected. (3) The local option election can not be effective in Potter County because publication of the order declaring the result of such election was not made in a newspaper published in Potter County at the time of designation by the county judge or at the time of the holding of such election. (4) Relator could not be guilty of an offense greater than a misdemeanor because the voters of Potter County adopted the law at a time when that was the highest grade of offense recognized by law, and the Legislature is without power to force upon them a greater punishment.

It is enacted by the Thirtieth Legislature, chapter 8, page 447, as follows:

"At any time within thirty days after the result of the election has been declared, any qualified voter of the county, justice's precinct or subdivision of such county, or any town or city of such county in which such election has been held, may contest the said election in the District Court of the county in which such election has been held, which shall have original and exclusive jurisdiction of all suits to contest such election, and the proceedings in such contest

shall be conducted in the same manner as has been or may here-
after be prescribed, and said court shall have jurisdiction to try
and determine all matters connected with said election, including
the petition of such election and all proceedings and orders relating
thereto, embracing final count and declaration and publication of
the result putting local option into effect, and it shall have authority
to determine questions relating to the legality and validity of said
election, and to determine whether by the action or want of action
on the part of the officers to whom was entrusted the control of
such election, such a number of legal voters were denied the privi-
lege of voting as had they been allowed · to vote might have mate-
rially changed the result, and if it shall appear from the evidence
that such irregularities existed in bringing about said election or
in holding same, as to render the true result of the election impos-
sible to be arrived at, or very doubtful of ascertaining, the court
shall adjudge such election to be void, and shall order the proper
officer to order another election to be held, and shall cause a certi-
fied copy of such judgment and order of the court to be delivered
to such officer upon whom is devolved by law the duty of ordering
such election.  It is further provided that all such cases shall have
precedence in the District Court and Appellate Courts, and that
the result of such contest shall finally settle all questions relating
to the validity of said election, and it shall not be permissible to
again call the legality of said election in question in any other suit
or proceeding; and provided further, that if no contest of said elec-
tion is filed and prosecuted in the manner and within the time pro-
vided above, it shall be conclusively presumed that said election
as held and the result thereof declared, are in all respects valid and
binding upon all courts; provided, also, that pending such contest
the enforcement of the local option law in such territory shall not
be suspended, and that all laws and parts of laws in conflict here-
with be and the same are hereby repealed." This instituted a new
rule in this State and in substance provided that pending such
contest the enforcement of local option in such territory should not
be suspended.  It also provided that in the absence of a contest in mat-
ters of procedure the sundry matters and things required to be done
antecedent to putting local option in force, could not be made a
matter of issue in every particular case.  This was, as stated by
Judge Brooks in Evans v. State, 55 Texas Crim. Rep., 450, 117
S. W. Rep., 167, "not only constitutional, but is a salutary pro-
vision of the election law." Before the adoption of this statute it
had been held competent in every case for a defendant charged
with violating the law to make an issue and introduce proof as
to the regularity and sufficiency of the publication of notices and
all the sundry matters precedent in such an election, as well as
matters required to be done thereafter.  We had, therefore, in

practice the strange and singular anomaly in one case in the same county, where the proof was not made of the failure to post an election notice that the law was in force, and a defendant held guilty; whereas, in the next case, happening on the same day, and probably a case in which the same defendant stood charged, that by making proof of the failure to post a notice in some remote precinct that the whole proceedings would be invalidated. It was to meet this confusing and anomalous condition that this Act was passed. This law, so far as it relates to the conclusive force of judgments and decrees of the County Court, has been upheld in many cases. Hardy v. State, 52 Texas Crim. Rep., 420; Wilson v. State, 107 S. W., 818; Evans v. State, 55 Texas Crim. Rep., 450, 117 S. W. Rep., 167; Ex parte Thulemeyer, 56 Texas Crim. Rep., 337, 119 S. W., 1146. This rule becomes important, as we shall see in the further consideration of the case; but, it is insisted, that in practice the enforcement of this rule in any case in which a contest is pending would be unreasonable, unjust and unconstitutional. It is urged in this case that if this prosecution proceeds and appellant is convicted and later the contest succeeds and it is declared that in truth prohibition was not adopted, that appellant will have been convicted of a violation of a law which in truth had no existence. This, it must be conceded, is possible. Upon the other hand, if appellant's contention is correct that pending a contest no prosecution can be successfully enforced, then we might have this result: The people in any county, let us say Potter County, have, under the forms prescribed by law, held an election prohibiting the sale of intoxicating liquors therein. The authorities charged by law with canvassing the vote and declaring the result, determine and judge that prohibition was adopted. If appellant's contention is true, by merely instituting a contest which may sometimes last for five years, the will of the people may be wholly set aside and every section of the county be made the scene of the most open, shameless and contemptuous violations of the law. So it will be seen that some injustice might result in the application of the rule in either case. The Legislature has declared that "pending such contest the enforcement of the local option law in such territory shall not be suspended." That means, and only means, that in treating the law we must, and shall, assume—certainly in the absence of proof to the contrary—the verity of the judgment of the court having jurisdiction of that matter until such judgment has been annulled and set aside in the manner prescribed by law. Certainly, if we are authorized to shut out inquiry in respect to any given fact, which, if true, would have the effect under the law to invalidate an election because no contest had been instituted, we are equally committed and bound to the same deference and respect of the judgment of the Commissioners Court,

and the law in terms provides we shall be so bound until and unless it is set aside in the manner therein provided. The Legislature provides that the fact of a contest shall not suspend the law; that merely the allegation of either irregularity or any other fact which would change the result should not have the conclusive force of a judgment; that pending a hearing, this court, and every court of this State, shall have respect for the judgment of the accredited authorities.

If these views are correct it becomes unnecessary to discuss the other questions raised.

2. The other question raised, as to the grade of the offense, we need not pass on. If appellant is guilty of a violation of the law, he is subject to arrest and detention by the proper authorities. We ought not to and can not anticipate that the court will act erroneously in assessing his punishment or that he will be tried in a forum having no jurisdiction of the offense. We would not be understood as expressing any opinion as to the validity of the Act of the Legislature making the offense of unlawfully engaging in the business of selling intoxicating liquors in prohibition territory a felony. We merely express no opinion at all. That is a new question and it is deemed best not to undertake to pass on it until it comes squarely before us in such a way as to require a decision thereof.

Believing that a mere contest of a local option election does not have the effect of suspending prosecution under the law declaring it to be valid by the proper authorities, relator is remanded to custody.

*Relator remanded to custody.*