## Charley Richards v. The State.

### No. 115.   Decided March 23, 1910.

### Rehearing denied May 4, 1910.

**1.—Theft of Cattle—Evidence—Hearsay—Identification.**

While it was competent to prove the identity of the alleged stolen animal by the owner, his acts and conduct in relation thereto subsequent to the theft were inadmissible. Following Anderson v. State, 14 Texas Crim. App., 49, and other cases.

**2.—Same—Evidence—Opinion of Witness.**

Upon trial of theft of cattle, testimony of the constable that he watched all day the alleged stolen animal while it was tied in the woods, etc., was inadmissible; as the identity of the animal and ownership thereof was an issue; and the above was but the opinion of the witness.

**3.—Same—Charge of Court—Mistake of Fact.**

Where, upon trial of theft of cattle, the issue of mistake of fact was raised by the evidence, the same should have been submitted properly in the court's charge to the jury, and should not have been confused with other matters. Following Evans v. State, 55 Texas Crim. Rep., 450, and other cases.

**4.—Same—Charge of Court—Taking.**

Where, upon trial of theft of cattle, the court's charge left the matter of taking the alleged animal under appropriate instructions to be found by the jury, there was no error.

**5.—Same—Misconduct of Jury—Allusion to Defendant's Failure to Testify.**

Where, upon trial of theft of cattle, it appeared from the record on appeal that the defendant had not testified in the case, and that this fact was alluded to by the jurors in their deliberations to find a verdict, there was reversible error.

6.—Same—Misconduct of Jury.

A mere reference by the jurors to the question of a new trial to the effect that the law accorded him the right to seek a new trial, even if he was convicted, was not sufficient ground for reversal.

Appeal from the District Court of Bosque.    Tried below before the Honorable O. L. Lockett.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. B. Bird,* and *Odell & Johnson,* for appellant.—On the question of the identity of the alleged stolen property: Ward v. State, 10 Texas Crim. App., 293; Crockett v. State, 14 Texas Crim. App., 226; Pierce v. State, 36 S. W. Rep., 95; Rochell v. State, 55 Texas Crim. Rep., 152; 115 S. W. Rep., 583; Gill v. State, 36 Texas Crim. Rep., 589.

On question of declarations of owner and others as to identity of animal in absence of defendant: Anderson v. State, 14 Texas Crim. App., 49; Fuller v. State, 19 Texas Crim. App., 380; Cannada v. State, 29 Texas Crim. App., 537; Wright v. State, 37 Texas Crim. Rep., 627; Barry v. State, 37 Texas Crim. Rep., 302.

On question of misconduct of jury: Crow v. State, 33 Texas Crim. Rep., 295; Creswell v. State, 33 Texas Crim. Rep., 335; Tate v. State, 38 Texas Crim. Rep., 261; Wilson v. State, 39 Texas Crim. Rep., 365.

On question of court's charge on mistake of fact: Lee v. State, 55 Texas Crim. Rep., 379; 116 S. W. Rep., 1153; Evans v. State, 55 Texas Crim. Rep., 450; 117 S. W. Rep., 167.

*John A. Mobley,* Assistant Attorney-General, and *E. B. Robertson,* County Attorney of Bosque County, and *Cureton & Cureton,* for the State.—On question of admitting testimony of owner as to his acts and conduct with reference to the alleged stolen animal after defendant had parted with possession thereof: Davis v. State, 55 S. W. Rep., 340; Clay v. State, 51 S. W. Rep., 212; Sisk v. State, 42 S. W. Rep., 985, House v. State, 19 Texas Crim. App., 227; Renfro v. State, 9 Texas Crim. App., 229.

On the question of admitting testimony of officer that he watched the alleged animal, etc.: Mathews v. State, 32 Texas Crim. Rep., 355; Ray v. State, 35 Texas Crim. Rep., 354.

On question of misconduct of jury, and allusion to defendant's failure to testify: Henderson v. State, 23 S. W. Rep., 692; McDonald v. State, 15 Texas Crim. App., 493; Testard v. State, 26 Texas Crim. App., 260; 9 S. W. Rep., 888; Borer v. State, 28 S. W. Rep., 951; Smith v. State, 52 Texas Crim. Rep., 344; 106 S. W. Rep., 1165.

RAMSEY, JUDGE.—On the 2d day of October, 1908, an indictment was returned into the District Court of Bosque County charging ap-

pellant with the theft of one head of cattle, the property of W. H. Gibbons. On a trial had in said court on the 19th day of April, 1909, appellant was by the jury found guilty as charged, and his punishment assessed at confinement in the penitentiary for two years.

The evidence tends to show that sometime about the first of September, 1907, Gibbons bought from one H. B. White something over 300 head of cattle, and that among the number were some six or seven unbranded red two-year-old heifers, and of these there was one white faced two-year-old heifer. These cattle were held in different places near the town of Meridian, in Bosque County, until sometime in March, 1908, when he quit feeding for the winter. That about this time he sold the cattle, making several deliveries, the last of which was sometime in May. That during this time he frequently saw this particular animal, and on account of her flesh marks and his frequent opportunities of seeing her, remembered her well. He saw the cow no more after this until sometime in September following, when she was found tied in a thicket some few miles from Meridian. Appellant was shown by the testimony of one Mall Monroe, a Mexican, to have turned a red cow with a white face over to him with authority to milk her; that thereafter, early one morning, in company with Earl White, he came and got the cow and drove her away. Monroe says that this cow when delivered to him had received some injury to her bag, and this condition appeared in the cow later found tied, which was claimed to have been stolen. Later it was shown that the cow brought from the place of the Mexican, Monroe, was sold by appellant to H. B. White, and kept by him for some little time, and that later she disappeared and was found tied in a thicket as above stated. Appellant did not testify in his own behalf, but introduced the testimony of a number of witnesses that more or less indefinitely and vaguely raised several issues. One was to the effect, in substance, that the cow in question belonged to him, and had been by him bought from one Ericson. This same testimony raises the issue of taking under an honest mistake of fact. There is also some testimony in the record to the effect, in substance, that Gibbons had authorized appellant to take up and sell any cattle found by him running in this range. The testimony also raises the issue of identity of the animal in question, and the further fact that Gibbons' animal was not taken at any time by appellant. There are a great many questions raised in the record, most of which have been well briefed, and well presented. We think the case must be reversed for more than one error committed by the trial court.

1. During the trial and over the objections of appellant, the witness Gibbons was permitted to answer and state where the cow was at the time of the trial, the answer being that she was at that time in witness' pasture. Closely allied to this is a matter presented in a bill of exceptions to this effect: While the witness Gibbons was on the stand

he testified as follows: "The cow that we found tied in the thicket was my cow. We took her to Lowery Lewis' pasture. I came up and got her out of that pasture and took her to McLennan County to my pasture down there. She is there now." All of this testimony was objected to because it got before the jury the opinion of the witness, was an act and declaration of the witness in the absence of the defendant that could not bind him, because under the uncontradicted evidence, the defendant had long prior thereto sold and parted with his possession, title and interest in and to the cow, when taken by Gibbons from Bosque to McLennan County. The proposition submitted under the assignment raising this question is that where the identity of the alleged stolen property is in dispute and is a controverted issue in the case, it is harmful error to admit the acts and declarations of parties made and done in the absence of defendant showing their opinion or conclusion as to the identity of the property, or as to whom said property belonged. While it was competent to prove by Gibbons the identity of this cow, his acts and conduct in relation thereto, subsequent to the theft, and at a time when, under the evidence, appellant had parted with his possession of the animal, was not properly receivable as a circumstance against him. We think this proposition is sound. Anderson v. State, 14 Texas Crim. App., 49; Cannada v. State, 29 Texas Crim. App., 537.

2. Nor do we think it was proper for the court to have admitted the evidence of Baxter, the constable, to the effect, in substance, that he watched the cow while still tied in the woods, and that he stayed with her from about 11 o'clock in the morning until after dark. In view of the identity of the stolen animal and ownership thereof, the acts and conduct of the officer were inadmissible, because it merely reflected his opinion and got before the jury the fact that in the judgment of the witness the animal had been stolen, and tended to reflect his opinion that appellant was connected with the crime.

3. The charge of the court is criticised and complained of in that it did not clearly submit to the jury the issue of an innocent taking and appropriation of the cow under an honest belief of ownership and under an honest mistake of fact. This issue is, in a general way, submitted in the court's charge, but in connection with many other matters, and we think in such manner as not to be of practical benefit. Evans v. State, 55 Texas Crim. Rep., 450; 117 S. W. Rep., 167; Lee v. State, 55 Texas Crim. Rep., 379; 116 S. W. Rep., 1153.

4. Again, it is complained that the court erred in the third paragraph of his charge in that same contains a positive assumption and statement by the court that the cow in question was taken by appellant, which was not admitted by him, but was a matter in controversy and to be found by the jury. This paragraph of the court's charge is as follows:

"Now if you believe from the evidence beyond a reasonable doubt

that the defendant, Charley Richards, in the county of Bosque and the State of Texas, on or about the date alleged in the indictment did fraudulently take and steal the cow alleged to be the property of W. H. Gibbons, and you believe from the evidence that said cow was the property of W. H. Gibbons on the date she was alleged to have been taken, and that at the time she was taken, if you so find, she was in the possession of the said W. H. Gibbons, and that the defendant fraudulently took said cow, if you find he did do so, with the intent at that time to deprive the owner of the value of the same, and with the intent to appropriate said cow to the defendant's own use and benefit, and that said cow was taken without the consent of said owner, then in that event you will find the defendant guilty as charged in the indictment and assess his punishment at confinement in the State penitentiary for a term of not less than two years and not more than four years."

We think that the charge of the court, considered fairly, is not subject to the objection and criticism made by counsel for appellant on it, but that the matter of taking is not assumed but is left under appropriate instructions to be found by the jury.

5. After conviction appellant made a motion, based upon misconduct of the jury, alleging, in substance, that when the jury retired there were eight of the jurors for acquittal, and only four for conviction, and that the conviction was brought about by the argument and discussion to the effect, in substance, that if they found appellant guilty and were wrong, that the case would be reversed by this court, and no harm would be done, and by the further argument that appellant if innocent could show where he got the cow. We think there was no merit in the first ground as presented, since the reference by the jurors to the question of a new trial was one of the most general character, and to the effect, in substance, that after conviction he would have an opportunity and the law accorded him the right to seek a new trial both before the trial court and this court. We believe, however, that the other question relied on as a ground for a new trial is supported by all the evidence, and there was no evidence taken in the court below on which, fairly considered, the trial court could or should base a finding against appellant. It is unnecessary to set out the testimony in detail. It is sufficient to say that every juror who testified to this question, said it was argued and discussed that if appellant was innocent he could have shown where he got the cow, and by such obvious references to appellant's failure to testify as made the discussion and statements violative of the rule which prohibits such reference and discussion.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.

[Rehearing denied May 4, 1910.—Reporter.]