[8224] Writ of error denied by Supreme Court. *Page 764 
This is a suit for mandamus brought by appellant to compel the appellee, who is county judge of Leon county, to grant appellant's petition for a license to sell intoxicating liquors in the town of Concord in said county. The appellee refused the petition on the ground that a local option prohibition law against the sale of intoxicating liquors had been adopted, and was in force in said county.
The facts are these: An election regularly called was held in said county on February 23, 1909, to determine whether or not the sale of intoxicating liquors should be prohibited in said county. The returns from said election were received and canvassed by the commissioners' court of said county on March 31, 1909, and the result declared to be against prohibition by a majority of seven votes. On April 4, 1909, John A. Childress and others, citizens and qualified voters of said county, filed a contest of the election in the district court of said county, claiming that a majority of the legal votes polled at said election was in favor of prohibition. The county judge and county attorney were named as contestees in said suit. On September 29, 1909, the following judgment was rendered in said cause: "On this day, the 29th day of September, A.D.1909, came on to be heard the above-entitled cause, when the contestee, W. D, Lacy, as county judge of Leon county, Tex., presented to the court his motion to dismiss this cause as against him, and the court, after due consideration, finds that said motion is well taken and should be sustained. Wherefore it is ordered by the court that the motion of the contestee, W. D. Lacy, county judge of Leon county, Tex., to dismiss this cause against him be and it is hereby sustained, and the said contestee is discharged with judgment against contestants for his costs herein. And then, the above-entitled cause being legally called for trial, the contestants appeared by their attorneys and announced ready for trial, and the contestee, J. M. Chatham, as county attorney of Leon county, Tex., also appeared in person and by his attorneys, and also announced ready for trial, and, neither party having demanded a jury, the issues both of fact and of law were submitted to the court, and the court, after hearing the pleadings and evidence, finds the facts and the law are with the contestants. It is therefore ordered, adjudged, and decreed by the court that the result of the election, which was held in Leon county, Tex., on the 20th day of March, 1909, under the order of the commissioners' court of said county to determine whether the sale of intoxicating liquors should be prohibited in said county resulted in a majority of the votes `for prohibition,' and the contestants and contestee agreeing in open court that the prohibition of the sale of intoxicating liquors in Leon county should become effective on the 10th day of July, 1910, and no earlier, which agreement is in all things approved by the court, it is further ordered, adjudged, and decreed by the court that the sale of intoxicating liquors within the limits of the county of Leon, Tex., be, and the same is, absolutely prohibited except for the purpose and under the regulations specified in title 69 of the Revised Civil Statutes of the state of Texas from and after the 10th day of July, 1910, until such time as the qualified voters of Leon county may at a legal election, held for that purpose, by a majority vote, decide otherwise, and that a certified copy of this judgment be published for four successive weeks immediately next preceding the 10th day of July, 1910, in some newspaper published in the county of Leon, Tex., to be selected for that purpose by the clerk of this court."
No appeal was taken from this judgment and no proceedings of any kind have been taken to have same set aside. The clerk of said district court, in compliance with the order contained in said judgment, published a certified copy of the judgment in the Jewett Messenger, a newspaper published in said county, for four successive weeks next preceding the 10th day of July, 1910. This newspaper was not selected by the county judge of Leon county, and he had nothing to do with the publication of said judgment. Appellant's petition for license was heard and refused by the appellee on July 7, 1910. Upon these facts the district judge refused to grant the mandamus.
Appellant's contention is that the judgment should be reversed because "a local option law can only be put in operation in a county where the result of the election has been carried or been found by the district court in a contest, to be for prohibition, by the publication of the result as found for four successive weeks by the county judge in a newspaper selected by him, if one be published in the county." There is no merit in this contention. Article 3391, Sayles' Ann.Civ.St. *Page 765 
1897, requires the county judge to publish the result of the election as declared by the commissioners' court if such result is declared to be in favor of prohibition, but no publication is required by the statute of the judgment of a district court rendered in a contest of such election. The case of Chenowith v. State, 50 Tex.Cr.R. 238, 96 S.W. 19, and others cited by appellant, holding that a local option prohibition law does not go into effect until the county judge has caused publication of the result of the election as prescribed by the article before cited, are cases in which the commissioners' court had declared the result of the election to be in favor of prohibition, and not cases in which that result was declared by a judgment of a district court in a contest proceeding brought for that purpose. An election contest is a proceeding in rem, and a judgment in such proceeding is binding and conclusive upon all the world. Evans v. State, 55 Tex.Cr.R. 450, 117 S.W. 167.
Such being the character of the contest proceeding, all persons are charged with notice of the judgment therein rendered, and therefore no publication of said judgment is deemed necessary, and none is required by the statute. It may be that the district court had no authority to order the publication of the judgment, but such order in no way affected the validity of the judgment declaring that prohibition carried in such election. The judgment was effective without any publication, and not having been appealed from or set aside, but being in full force and effect, the local option prohibition law against the sale of intoxicating liquors thereby became operative in Leon county, and appellant was properly refused a license to engage in the sale of such liquors.
These conclusions require that the judgment of the court below should be affirmed, and it has been so ordered.
Affirmed.