SAVAGE et al. v. STATE.†

(Court of Civil Appeals of Texas. Ft. Worth. April 15, 1911. On Motion for Rehearing, May 13, 1911.)

1. EVIDENCE (§ 43*)—JUDICIAL NOTICE—PRIOR DECISION.

Whether local option had been legally adopted in a county at a specified election held therein was a question concerning the entire citizenship of that county, and the Court of Civil Appeals in a prior decision having held that such election was invalid, and such decision having become absolute, the court was entitled to take judicial notice thereof and hold that local option was therefore not legally adopted, in a suit on a liquor dealer's bond; and hence that the bond was of no legal force, under the rule that where the existence or application of a statute, or the time when it took effect, or its precise terms is presented, the court may resort to any proper source of information.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

2. ELECTIONS (§ 304*)—CONTEST—NATURE OF PROCEEDING — JUDGMENT — CONCLUSIVENESS.

An election contest is a proceeding in rem, and a judgment therein is conclusive on all the world.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 316; Dec. Dig. § 304.*]

On Motion for Rehearing.

3. INTOXICATING LIQUORS (§ 37*)—LOCAL OPTION—ELECTION — INVALIDITY — JUDGMENT —"PENDING."

Where an election at which local option was voted in the county was held to be illegal on an appeal to the Court of Civil Appeals in an election contest, on the judgment becoming final, the contest was no longer "pending" within Acts. 30th Leg. (1st Ex. Sess.) p. 447, providing that pending a contest of any local option election the enforcement of the local option law shall not be suspended.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 42; Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 6, pp. 5276–5279; vol. 8, p. 7750.]

Speer, J., dissenting.

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by the State against Z. Z. Savage and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Reeder & Graham, for appellants. H. S. Bishop, Dist. Atty., and Theodore Mack, for the State.

SPEER, J. This is an appeal by Savage from a judgment in favor of the state of Texas on a liquor dealer's bond given to secure sales on prescription in a local option county. On a former day of the term we sustained appellee's motion to strike out the statement of facts and bills of exception, so that the only questions which we can in any event pass on are raised by what appellant denominates his motion to reverse and dismiss the cause, which motion the majority sustain upon the following reasoning stated by Justice Dunklin:

"As shown by plaintiff's petition in the trial court, appellee's right to a recovery in this suit hinges primarily upon the proposition that local option had been legally adopted by the same election that was declared null and void by a judgment of the district court of Potter county, which judgment was by this court affirmed on June 25, 1910, as shown in the case of Savage v. Umphres, reported in 131 S. W. 291, and which judgment of this court became final. If local option was not legally adopted by that election, then the bond upon which judgment in this case was recovered was not required by any law as a condition for the sales of intoxicants made the basis of recovery in this suit, for in that event it was not unlawful to make such sales and consequently the bond would be void.

[1] "To hold that the bond was of binding effect in law would be to determine that local option had been legally adopted in Potter county at the election referred to. This is a question of law which concerns the entire citizenship of Potter county, and must be determined in this case, and in the determination of the same we think that this court should take judicial notice of its judgment referred to above.

"'We are of opinion, therefore, on principle, as well as authority, that whenever a question arises in a court of law of the existence of a statute, or of the time when a statute took effect, or of the precise terms of a statute, the judges who are called upon to decide it have a right to resort to any source of information which in its nature is capable of conveying to the judicial mind a clear and satisfactory answer to such questions, always seeking first for that which in its nature is most appropriate, unless the positive law has enacted a different rule.' Gardner v. Barney, 6 Wall. 499, 18 L. Ed. 890. See, also, South Ottawa v. Perkins, 94 U. S. 260, 24 L. Ed. 154; Hancock v. Diamond Plate Glass Co., 37 Ind. App. 351, 75 N. E. 663; Cluggish v. Koons, 15 Ind. App. 599, 43 N. E. 161; 7 Encyc. of Evidence, 947, 1004, 1005, 1007; Butler v. Eaton, 141 U. S. 240, 11 Sup. Ct. 985, 35 L. Ed. 713; Bresnahan v. Tripp Giant Leveller Co., 72 Fed. 920, 19 C. C. A. 237; Cushman Paper Box Mach. Co. v. Goddard, 95 Fed. 666, 37 C. C. A. 221; Warren v. Frederichs, 83 Tex. 380, 18 S. W.

750; Wood v. Cahill, 21 Tex. Civ. App. 44, 50 S. W. 1071.

[2] " 'An election contest is a proceeding in rem, and a judgment in such proceeding is binding and conclusive upon all the world.' Bickers v. Lacy, 134 S. W. 763. The statute upon which this suit is based, although enacted by the Legislature, cannot become effective in Potter county until local option is legally adopted by the voters of that county. While the statutes governing the sale of intoxicating liquors in districts in which local option has been adopted were enacted by the Legislature, yet authority to put them in force is delegated to the respective counties, districts, and precincts of the state. When adopted at a local option election, they are then effective as public, and not private, statutes, although operative only in a certain subdivision of the state. Sutherland on Statutory Construction, §§ 72, 121, 182, 193. Whether or not those statutes have become operative in Potter county is a question of public interest, and not a question concerning certain individuals only. In the case of Gardner v. Barney, supra, it became necessary to ascertain when the President approved an act of Congress, in order to determine when the act became effective, and if, as held in that opinion, the court 'could resort to any source of information which in its nature is capable of conveying to the judicial mind a clear and satisfactory answer to such questions,' for the purpose of determining when the act of Congress became effective, we fail to perceive why the same reasoning would not sustain this court in taking judicial notice of its former decision noted above for the purpose of determining that the acts of the Legislature applicable to local option were never adopted in Potter county at the election alleged in plaintiff's petition in this suit. 16 Cyc. 921, 922, 923, 924. Our former decision affirming the judgment holding invalid the local option election referred to is sufficient evidence of the invalidity of the election without the necessity of considering the numerous affidavits and other exhibits offered by appellant in connection with the motion to reverse and dismiss this cause, and therefore it is unnecessary for us to determine whether or not those exhibits are such evidence as might be properly considered by us in determining the fact proven by our former judgment."

I am unable to agree to the reversal. Whether or not the people of Potter county legally adopted the local option provisions of our statutes is to my mind purely a question of fact; and, if the determination of such question becomes material in the defense of any case, it should be shown under a proper plea as any other material fact. It is in no sense a question of law, for, if it were, courts would take notice of it, and would not sit and hear evidence or impanel juries to determine it. I most heartily concur in the soundness of the quotation by the majority to the effect that the existence of a statute, or the time when a statute took effect, or the precise terms of the statute, are questions of law, as to which the courts will look for information to any source deemed by them to be satisfactory; in other words, of which they will take judicial notice. But I do doubt the applicability of such quotation to the question before us. It is not contended, nor indeed can it be, that courts generally will take judicial notice that local option is in force in a particular county, but the contention which I understand the majority to sustain is that this court will take judicial notice of its own decree heretofore entered affirming the invalidity of the election in Potter county, and it is with this interpretation of the law that I do not agree. While it is true ordinarily for some purposes, at least, that a court will take notice of its own orders and decrees, the principle I think has no application when by it it is sought to supply in one case facts which were developed in another. Armendiaz v. De La Serna, 40 Tex. 291. If it be true that this court will take notice of the invalidity of the election in Potter county because we have ourselves entered a judgment in the contested election case to that effect, then it would follow that the law of the present case would be one thing in this court and quite another in either of the other Courts of Civil Appeals, to which the cause might be transferred, or even in the Supreme Court, for certainly those courts would not be required to take judicial notice of the decisions of this court further than they announce rules of law. Again, the principle would be the same if the district court of Potter county had held void the election, and no appeal had been prosecuted. Would that court alone of all trial courts take judicial notice of the invalidity of the law and other courts require proof of it? Or if on a contest the district court had held an election valid would that fact have dispensed with the necessity for making proof of the adoption of the local option law in subsequent suits such as this instituted in that court? These questions indicate to my mind the chaos to which the rule announced by the majority would necessarily lead. It is true I have no doubt that a judgment in a contest of a local option election is binding on all the world, since it is the method prescribed by statute for determining such question. Yet it is equally true that such judgment is based on a finding of fact. The whole difficulty is solved by an answer to the question whether or not the existence of local option in Potter county at the time inquired about is a question of law or of fact. Without a judgment affirming its validity or invalidity, it appears to be conceded a question of fact. I do not think our former judgment or any other judgment of the courts converts it into

a question of law, and therefore beg to enter my dissent herein. It was suggested in the oral argument that the matters now urged by appellant could not have been successfully interposed on the trial, since our judgment of affirmance in the case referred to was not rendered until after the trial below. To my mind this is no reason why extraneous matters should be considered. No doubt the trial court would have continued appellant's case upon his request setting forth the fact that the validity of the election was then being contested.

Neither do I believe this court has any authority in any event to consider the affidavits and other exhibits attached to appellants' motion. This court is essentially an appellate court, and may consider only such facts affecting the disposition of the case as are regularly brought from the trial court in the manner prescribed by law. Ennis Merc. Co. v. Wathen, 93 Tex. 622, 57 S. W. 946; F. W. & R. G. Ry. v. Word, 51 Tex. Civ. App. 206, 111 S. W. 753 (on rehearing): Brooks v. Ellis, 98 S. W. 936. No question or jurisdiction is involved so as to bring the matter within the purview of article 998 of the statutes, authorizing us to consider matters dehors the record.

In accordance with the opinion of the majority, the judgment of the district court is reversed, and judgment here rendered in favor of appellant.

### On Motion for Rehearing.

[3] Counsel for appellee urge in their motion for rehearing the provision of acts 30th Leg. (1st Ex. Sess.) p. 447, providing that pending a contest of any local option election held within this state the enforcement of such local option law shall not be suspended, and insist that to permit appellant to attack the validity of the Potter county election in this case would be to violate that provision of the statute. This act has been held by our Court of Criminal Appeals to be constitutionally valid (ex parte McGuire, 57 Tex. Cr. R. 38, 123 S. W. 425), but, giving it full force, we fail to see that it affects the question heretofore decided · by us. When the judgment of this court in the Savage v. Umphres Case referred to in the original opinion became final, the contest was no longer pending, and by the very letter of the act the suspension of the law in Potter county was no longer forbidden. So that, after all, it is yet a question of whether or not this court through its majority is correct in the holding that it will take judicial notice of that decree. Neither member of this court sees any reason for changing his views heretofore expressed, and the motion for rehearing is therefore overruled.

SPEER, J., dissenting as on the original hearing.