### MILLER et al. v. TUCKER et al.

### No. 3346.

Court of Civil Appeals of Texas. Beaumont.

March 1, 1938.

Rehearing Denied March 9, 1938.

E. A. Lindsey and A. A. Miller, both of Newton, for appellants.

Synnott & Smith and T. Gilbert Adams, all of Jasper, and W. H. Hall, of Newton, for appellees.

COMBS, Justice.

This is an appeal from an order granting a temporary injunction restraining the county attorney, sheriff, and other officers from interfering with the sale of intoxicating liquor in justice precinct No. 1, Newton county, Tex., pending determination of a suit contesting a local option election held in said precinct.

The appellees, who were plaintiffs in the court below, were prior to November 27, and still are, engaged in the sale of intoxicating liquor in justice precinct No. 1 of Newton county. On November 20, 1937, a local option election was held in said precinct. On November 27, 1937, the commissioners' court canvassed the returns of said election and declared the result to be in favor of prohibiting the sale of intoxicating liquor by a majority of ten votes. The notice provided by statute was duly issued to the effect that after the expiration of 30 days the sale of intoxicating liquor in said precinct would be prohibited. The plaintiffs duly filed suit in the district court of Newton county, contesting the election on the grounds of various alleged irregularities in the holding of the election, including charges that certain persons not qualified were allowed to vote and that certain other persons who were qualified to vote were denied the right, and that the matters complained of materially affected the result of the election.

On December 27, 1937, upon an amended petition, plaintiffs sought and obtained a temporary injunction restraining the enforcement of the prohibition laws by the following fiat: "The foregoing petition being read and fully considered, it is ordered that the temporary injunction prayed for be issued by the clerk of this court in so far as it relates to the enforcement of the prohibition laws as against the plaintiffs, O. C. Tucker, John R. Stewart, John Richardson, Arlis Walker, or their employees, agents and servants

308

and associates and to interfering with the sale of intoxicating liquor in Justice of the Peace Precinct No. 1, Newton County, Texas, by them so long as they comply with the Liquor Control Laws of Texas as applied in the absence of the local option laws, upon the plaintiffs filing a good and sufficient bond conditioned as required by law, to be approved by the said clerk in the sum of Five ($5000.00) Thousand Dollars."

An appeal was taken to this court.

## Opinion.

■ It is our view that the court was without authority to grant the temporary injunction. The Texas Liquor Control Act provides for local option elections. Article 1, § 37, thereof, being article 666—37, Vernon's Ann.P.C., provides for the canvassing of the returns of such elections and declaring the result by the commissioners' court by order entered, and provides that such an order declaring the sale of liquor prohibited within the territory involved "shall be held to be prima facie evidence that all the provisions of laws have been complied with," etc. Article 666—40a provides for contesting local option elections and further "provided also that pending such contests the enforcement of local option law in such territory shall not be suspended, and that all laws and parts of laws in conflict herewith be and the same are hereby repealed."

An identical provision to that just quoted above was held valid by the Court of Criminal Appeals in the case of Ex parte McGuire, 57 Tex.Cr.R. 38, 123 S.W. 425.

■ It is our construction of the Liquor Control Act that it was the legislative intent to give to the order of the commissioners' court, declaring the result of a local option election and declaring the sale of intoxicating liquor prohibited, full effect pending a contest of the election until set aside by final judgment of a court of competent jurisdiction.

We conclude also that the provision above quoted, to the effect that the local option law shall not be suspended pending an election contest, renders the order of the lower court, granting the temporary injunction in this case, without authority of law and void.

The judgment is reversed and injunction dissolved.