

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 22, 1948

Hon. Clarence D. Cain      Opinion No. V-614.
County Attorney
Liberty County           Re:   Length of time follow-
Liberty, Texas                     ing final judgment in a
                                        local option contest in
                                        which sale of alcoholic
                                        beverage must cease.

Dear Sir:

       Your request for an opinion dated May 27, 1948,
stated that on January 3, 1948, a local option election
was held in Liberty County; that the Commissioners' Court
declared the result of the election to be against prohib-
iting the sale of all alcoholic beverages; that an elec-
tion contest was filed, and the District Court of Liberty
County held that the election resulted in prohibiting the
sale of all alcoholic beverages; this decision was affirm-
ed by the Court of Civil Appeals and that a motion for re-
hearing is now pending before said Court:

       Your question is:

      ". . . whether or not the sale of alco-
holic beverages must cease from the date upon
which the judgment (in the election contest)
becomes final 'for prohibiting the sale of
alcoholic beverages' or do the persons holding
permits to sell alcoholic beverages in this
county have thirty days from the date when
such judgment becomes final to continue the
sale of same and arrange for the disposition
of their stock on hand."

       We are of the opinion that when the judgment in
the election contest becomes final and in the event such
final judgment is for prohibiting the sale of all alcoholic
beverages, local option is in effect immediately and the
holders of permits to sell alcoholic beverages cannot sell
such beverages after the date of such final judgment.

       Texas Jurisprudence Supplement, 1941, Vol. 2, at
page 1071, in discussing contests of local option elections
says:

"Local option becomes effective upon the date of the rendition of a judgment determining that the vote was in favor of prohibition." (Underscoring ours throughout)

In Brooks v. State, 138 Tex. Crim. 526, 137 S.W. (2d) 768, there was involved the question of whether or not, in a contest of a local option election, there must be publication of the result of the judgment. The Court said:

". . .there was no statute requiring notice of the judgment of the District Court to be published, and notice was not a prerequisite in making effective the judgment of said Court. The judgment itself was notice to the world, as it was very properly held to be in Bickers v. Lacy, Tex. Civ. App., 134 S. W. 763. We copy from the opinion in said case the following: 'The case of Chenowith v. State, 50 Tex. Crim. Rep. 238, 96 S. W. 19, and others cited by appellant, holding that a local option prohibition law does not go into effect until the county judge has caused publication of the result of the election as prescribed by the article before cited, are cases in which the commissioners' court had declared the result of the election to be in favor of prohibition, and not cases in which that result was declared by a judgment of a district court in a contest proceeding brought for that purpose. An election contest is a proceeding in rem, and a judgment in such proceeding is binding and conclusive upon all the world.'"

Under Brooks v. State, supra, no notice or publication of a judgment in a local option contest is necessary. Had there been no contest, then Art. 666-37 and Art. 666-38, V. P. C., pertaining to publishing of notice by the Commissioners' Court and providing for a 30-day period in which liquor could be sold after the Commissioners' Court had declared the results of a local option election to be against the sale of liquor, would apply. However, we find no authority holding that once a contest has been filed and tried and judgment entered in favor of prohibition, alcoholic beverages may continue to be sold for an additional period of 30 days after the date of the final judgment.

In fact the Brooks v. State case holds that once an election contest is filed, the statutes which set out the duties of the Commissioners' Court in a local option election no longer apply.

The quotation above from Texas Jurisprudence Supplement, 1941, specifically states that when an election contest is filed, local option becomes effective upon the date of final judgment.

Bickers v. Lacy, Tex. Civ. App., 134 S. W. 763, in discussing the judgment in an election contest on local option, said:

"The judgment was effective without any publication, and not having been appealed from or set aside, but being in full force and effect, the local option prohibition law against the sale of intoxicating liquors thereby became operative in Leon County. . ."

Since the above authorities hold that in an election contest there is no necessity of notice of the final judgment and that local option becomes effective upon the rendition of such judgment, it follows that the sale of all alcoholic beverages must cease upon the date of final judgment; Art. 666-37, V. P. C., which provides that the Commissioners' Court must make an order declaring the results of the election and prohibiting the sale of alcoholic beverages after 30 days from such order does not apply.

It is pointed out that Rule 442 of the Texas Rules of Civil Procedure provides that the Clerk of the Court of Civil Appeals shall issue the mandate after the expiration of thirty days after the motion for rehearing is overruled. The District Clerk will not issue execution on the judgment until the mandate has been received from the Court of Civil Appeals. Rule 436. These rules have the effect of delaying enforcement of the District Court judgment until thirty days after the judgment of the Court of Civil Appeals has become final.

## SUMMARY

When the judgment in a local option election contest suit, declaring the result to be for prohibiting the sale of all

alcoholic beverages, becomes final, the
local option prohibition law becomes oper-
ative immediately and no alcoholic bever-
ages can be lawfully sold after the date
of such judgment.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Clinton Foshee
Assistant

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL.

CF:jcp:jmc