**T. R. KENNEDY et al., Appellants,**

**v.**

**BURNET INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 11884.**

Court of Civil Appeals of Texas, Austin.

Nov. 24, 1971.

Davis & Nobles, Ronald S. Driver, Austin, for appellants.

J. C. Hinsley, Austin, for appellee.

O'QUINN, Justice.

Appellants brought this lawsuit to enjoin the Burnet Independent School District from assessing and collecting taxes within the district as it was constituted following an election in April of 1970 called for the purpose of consolidating the Bertram Independent School District with the Burnet district.

Two of the appellants in this case were plaintiffs in a suit contesting validity of the consolidation election, which resulted in a judgment in 1970 that the election was valid. After the judgment in that case became final, appellants brought this action for injunction and attacked the corporate existence of the Burnet Independent School District.

Burnet district filed pleas to the jurisdiction and in abatement, contending that because issues of the election process were settled in the prior lawsuit, validity of the consolidation could be attacked thereafter only in a *quo warranto* proceeding.

The trial court sustained the school district's pleas and ordered the cause dismissed. We affirm the action of the trial court in entering such order.

Appellants bring five points of error. Under these points appellants urge (1) that the county judge of Burnet county was without authority to call the election to consolidate the two districts; (2) that no statutory authority exists designating the county to have jurisdiction of a county line independent school district; (3) that the consolidation of the two districts was wholly void; (4) that it is not necessary that this suit be brought as a *quo warranto* proceeding; and (5) that it is not necessary that this suit be brought as an election contest.

The trial court filed findings of fact and conclusions of law. The Burnet Independent School District is located in the counties of Burnet, Williamson, and Llano, and the Bertram district as constituted prior to consolidation was located in Williamson and Burnet Counties. All of the school properties of the two districts involved are located in Burnet County. The trial court found that the county judge of Burnet County, as ex-officio county superintendent, had exercised jurisdiction over the schools of the two districts prior to the election of April, 1970.

Appellants' main onset is the contention that the county judge of Burnet County

did not have authority to call the election in 1970 that resulted in consolidation of the two school districts. Appellants argue that since enactment of the Texas Education Code, which became effective September 1, 1969, " . . . there is no way to consolidate county-line independent school districts" because there is no provision "for the designation of any county to have jurisdiction of a county-line independent school district . . ."

Section 19.231 of the Code authorizes any of several types of "school districts [to] . . . consolidate into a single school district . . ." including:

"(2) two or more contiguous independent or county-line independent school districts . . ."

The election process to achieve consolidation of two or more districts must be initiated by petition which " . . . shall be presented to the county judge of the county in which the school districts are located, or *if one or more districts to be consolidated is a county line district, to the county judge of the respective county or counties having jurisdiction thereof.*" (Sec. 19.232) (Emphasis added)

In enacting the Education Code, the Legislature declared, in Section 1.03:

"The *aim in adopting this code is to bring together in a unified and organized form the existing law* relating to the tax-supported educational institutions *and to simplify, clarify, and harmonize existing law relating* both *to the public school system* and to the state-supported institutions of higher education." (Emphasis added)

Prior to adoption of the provisions found in Section 19.232 prescribing that petition for consolidation, in instances where one district is a county line district, shall be presented to the "county judge of the respective county or counties *having jurisdiction thereof,*" the appropriate statutory law provided that upon filing the petition the election orders "shall be . . . issued by the *county judge of the county*

*having jurisdiction over the principal school of each district . . .*" (Article 2806, V.T.C.S., repealed with enactment of the Code) (Emphasis added)

■ Appellants insist that the change in language, from "jurisdiction over the principal school of each district" (Art. 2806) to "having jurisdiction thereof" (Art. 19.232), has removed all authority from any and all officers or boards to receive a petition for consolidation of two county line independent school districts and to order an election for the purpose of consolidating the districts. This contention is inconsistent with the specific authority of Article 19.231 to consolidate "two or more contiguous independent or county-line independent school districts."

Nor is this contention consistent with the rule followed by the courts of this State for more than thirty years in determining which county has jurisdiction over county line school districts. In Stephens v. Coffee, 133 S.W.2d 184 (Tex.Civ.App. Eastland 1939, no writ), the court held that Shackelford county school authorities, having assumed jurisdiction, and having "for a long time exercised, control and jurisdiction over the Ibex Independent School District" lying partly in Shackelford county and partly in Stephens county, the county judge of Shackelford county was the proper official to receive the petition and to call an election to consolidate the Ibex district with the Albany district lying entirely within Shackelford county.

In that case the court stated that the only schoolhouse in the Ibex district was located in Shackelford county, although most of the district was in Stephens county, and that the authorities of Shackelford county had assumed and exercised administrative control of the Ibex district long prior to the election.

Petition to call the election was presented from the Ibex district to the county judge of Shackelford county, who ordered the election without joinder or consent of the officials of Stephens county. The

court held that the election was valid and had been ordered by the proper authority, and in this connection the court stated:

"Shackelford County School authorities assumed, and had for a long time exercised, control and jurisdiction over the Ibex Independent School District, and that, if material, is as much as need appear. Jurisdiction in fact and right of administration, will be presumed." (133 S.W.2d 184, 186, col. 1)

The holding in Stephens v. Coffee was cited with approval and followed in Hunt v. Trimble, 145 S.W.2d 659 (Tex.Civ.App. Amarillo 1940, writ ref.). See also Dickens Independent School District v. County School Trustees, 322 S.W.2d 544 (Tex. Civ.App. Amarillo 1959, writ ref. n. r. e.).

Article 2676, V.A.C.S., prior to enactment of the Education Code, placed "The general management and control of the public free schools . . . in each county . . . in . . . county school trustees elected from the county . . ." That provision was carried forward in the Education Code in Section 17.01(a):

"The general management and control of public free schools and high schools in each county, unless otherwise provided by law, shall be vested in a board of county school trustees."

These statutory provisions place jurisdiction of schools located in each county in the school authorities of the county having the schools within its boundaries. Compatible with these provisions is the further statutory stipulation giving qualified voters, not living within the county but residing within the county line school district, the right "to vote for county school trustees of *the county having management and control of such county line district* . . ." (Emphasis added) (Art. 2745a, repealed by Code) That voting right is preserved as carried forward into Section 19.104 of the Code:

"All persons who are otherwise qualified to vote in an election involving a school district question and who reside in a *county line school* district shall be entitled to vote at any such election involving the school district regardless of whether or not such voters reside in the *county having management and control of the county line district."* (Emphasis added)

We conclude that these statutory provisions remove uncertainty as to which county may assume to have jurisdiction of a county line school district. The Education Code, with the slight changes made in phraseology, was enacted long after the rule of Stephens v. Coffee was established under the prior statutory authority. As already observed, the Legislature expressly declared that its "aim in adopting this code" was to unify and organize "existing law" and "to simplify, clarify, and harmonize existing law" relating to public schools. We find nothing to indicate that the Legislature intended in enacting the Texas Education Code to change the law so that it would be no longer possible, as appellants contend, to hold valid elections for the purpose of consolidating "two or more contiguous independent or county-line independent school districts" as expressly authorized by Section 19.231.

We turn now to consider whether appellants are entitled to maintain this suit as a collateral attack on election proceedings that resulted in consolidation of Burnet Independent School District and Bertram Independent School District to form the consolidated Burnet Independent School District.

Appellants' position is that the county judge of Burnet county was without authority to order the election by which the two districts were consolidated and that in fact there is no statutory authority for any official or officials to call an election involving the consolidation of a county line independent school district with another. We have disposed of the latter of these two contentions in holding that ample statutory authority exists for calling and holding such elections.

**746**

The calling or ordering of an election is a part of the election process and is an appropriate subject of inquiry and challenge in a judicial proceeding contesting an election. Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012 (1924); Turner v. Lewie, 201 S.W.2d 86 (Tex.Civ.App. Fort Worth 1947, writ dsmd.); Holden v. Phillips, 132 S.W.2d 419 (Tex.Civ.App. Texarkana 1939, no writ).

Two of the appellants in this lawsuit were plaintiffs in an unsuccessful contest of the same election attacked in this cause. When judgment in the election contest became final, challenge thereafter of any part of the election process became barred, those issues being *res judicata*, whether issues actually tried or matters which might have been tried. Jones v. Dallas Railway Co., 224 S.W. 807 (Tex. Civ.App. Dallas 1920, no writ). In at least two cases, Texas courts have held that election contests are proceedings *in rem* and that a judgment in such proceeding becomes binding and conclusive on all persons, whether parties to the contest or not. Bickers v. Lacy, 134 S.W. 763 (Tex.Civ. App. Galveston 1911, writ ref.), citing Evans v. State, 55 Tex.Cr.R. 450, 117 S.W. 167 (1909); Savage v. State, 138 S.W. 211 (Tex.Civ.App. Fort Worth 1911, affirmed 105 Tex. 467, 151 S.W. 530).

In seeking injunctive relief in this suit, appellants attack validity of the creation of the Burnet Independent School District as it was reconstituted after consolidation with the Bertram district. At least two of the appellants have had their day in court to contest any and all of the election processes relating to the consolidation of the two districts, and the results of that lawsuit are binding upon them and all other persons in matters involving such processes. Any other matters or issues affecting the validity of the Burnet Independent School District and the authority of those controlling its affairs are not properly before us. A lawsuit instituted to question the existence of the school district on the ground that it was never a legal entity, which we understand to be the substance of appellants' suit, must be brought in the nature of a *quo warranto* by the State, or in a proceeding in which the State is a party. King's Estate v. School Trustees of Willacy County, 33 S.W.2d 783 (Tex.Civ.App. San Antonio 1930, writ ref.); Crain v. Adams, 120 S.W.2d 290 (Tex.Civ.App. Amarillo 1938, no writ). There is no contention that the case before us is a proceeding in *quo warranto*.

After carefully examining and considering each of appellants' five points of error, all points are overruled.

The judgment of the trial court sustaining the school district's pleas in abatement and pleas to the jurisdiction and ordering dismissal of appellants' suit is in all things affirmed.

Affirmed.