## BARBER et al. v. COUNTY BOARD OF SCHOOL TRUSTEES et al.
### No. 8675.

Court of Civil Appeals of Texas. San Antonio. Nov. 11, 1931.

R. R. Smith, of Jourdanton, for plaintiffs in error.

H. D. Barrow, of Jourdanton, for defendants in error.

## SMITH, J.

Hindes common school district in Atascosa county adjoins Charlotte independent school district in said county. On January 3, 1930, the county board of school trustees made an order detaching certain prescribed territory from the common district and attaching it to the independent district. Will Barber and Allen Hime, resident taxpayers in the common district, appealed from that order to the district court, which upheld the action of the county board. Barber and Hime have brought writ of error.

There appears to be but one question presented in the appeal, to wit, the contention of plaintiffs in error that the order complained of is ineffectual because it omits any redefinition of the lines of the two districts in conformity with the shifting of territory from one to the other, as required in an act approved May 23, 1929, known as H. B. 25 (Acts 1st C. S. 41st Leg. c. 47, p. 106). It is provided in that act that "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts. * * * The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district. * * * Upon receipt of the said petition, * * * the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees." Section 1.

The order of the county board here questioned does not contain any provision "redefining the boundaries of the districts affected by said transfer" of the shifted territory. But the petitions for the transfer, and the order of the board making the transfer each describes specifically, by full metes and bounds, the territory to be detached from the common school district and annexed to the independent district. And the question is whether such order is sufficient to effect the transfer, notwithstanding the omission of language "redefining" the two districts as thus constituted. The regularity of the proceedings upon which the order is based is not in question in this appeal.

We are of the opinion that the provision in the statute requiring a redefinition of the boundaries of the affected districts is not mandatory, and that the mere omission, from the order of transfer, of the redefinition of the two districts as rearranged, does not within itself necessarily render the order void. The obvious purpose of the provision is to enable the inhabitants of the shifted territory to readily determine to which district they have been allocated by the action of the county board, and this may be as easily determined from that part of the order transferring the affected territory, specifically and plainly described, from one named district to the other named district, as it would be from recitations redefining the boundaries of the two districts as rearranged.

The act requiring that the rearranged districts be redefined in the order of transfer does not go further than to so provide. It contains no provisions, express or by necessary implication, that the omission of the redefinition shall invalidate the action of the board, or the order thereon. We conclude that, under familiar principles of statutory construction, the omission of the redefinition from the order in question was rendered immaterial by other recitations in the order which effectually accomplished the purpose of the omitted recitations.

We think the the whole structure of legislation concerning the operation of our public school system would be jeopardized, and that system seriously demoralized and hampered, if the courts should attempt to strictly construe all the vague, confusing, conflicting, and constantly changing statutes upon that subject. A substantial compliance with the objects of each act, when and if ascertainable, is all that may be hoped for, and this may be accomplished only by a liberal construction of those acts to that end.

The judgment is affirmed.