**STEPHENS et al. v. COFFEE, Co. Atty., et al.**

**No. 1939.**

Court of Civil Appeals of Texas. Eastland.

Oct. 13, 1939.

Rehearing Denied Nov. 10, 1939.

T. L. Dyer, of Austin, and E. H. Foster, of Amarillo, for appellants.

Harrell & Bowers, of Breckenridge, for appellees.

FUNDERBURK, Justice.

The action here appealed is a statutory election contest. The election was held April 9, 1938, in the Ibex Independent School District in Shackelford County, as a part of the proceedings to determine whether that district should be consolidated with Albany Independent School District, also in Shackelford County.

The result of the election, as declared, was a tie in said Ibex Independent School District, and the appellants herein instituted a contest of the election whereby they endeavored to show that there were illegal votes cast which if excluded would result in a majority vote favorable to consolidation. The contestees filed a plea denominated a "plea to the jurisdiction of the court" to try the contest. The trial court, upon hearing, sustained the plea to the jurisdiction and dismissed the action. The appeal is prosecuted from the judgment of dismissal.

Upon request the trial judge filed conclusions of fact and law designed to show the basis upon which the plea to the jurisdiction was sustained. According to the conclusions of fact the Ibex Independent School District was originally created by special act of the Legislature, effective October 13, 1926, comprising 6075.7 acres located wholly within Shackelford County. On March 23, 1927, the Board of Trustees of Ibex Independent School District in response to a petition of W. J. Boyett, and others, purported to annex contiguous territory in Stephens County, aggregating 9385.1 acres of land. After said March 23, 1927, the Ibex Independent School District has remained "a county line school district" with 9385.1 acres in Stephens County, and 6075.7 acres in Shackelford County, embracing within its boundaries the same land in Stephens and Shackelford Counties, Texas, which formerly comprised the Center Hill Common County Line School District No. 2, prior to the passage of the Act creating the Ibex Independent School District.

Administrative control of said Ibex Independent School District was assumed by Shackelford County by its duly elected, qualified and acting authorities since long before the election in contest. There was but one school house in the district and that was located in Shackelford County. On the same date as the election in contest, a similar election was held in Albany Independent School District, the result of which was duly declared to have been in favor of consolidation. The petition for the election in contest was presented by petitioners residing in Ibex Independent School District to the County Judge of Shackelford County who ordered said election without the joinder or consent of the Commissioners' Court of Stephens County, or of the County Board of School Trustees of Stephens County; no consent in any manner being asked or obtained by the County Judge or other authority of Shackelford County, or by the persons petitioning for election, from the Commissioners' Court of Stephens County, or from the County Board of School Trustees of said County, to the holding of said election, or to the administration of Stephens County lands proposed in the election and included in said Ibex Independent School District. The scholastic population of Ibex Independent School District at the time of election and for years preceding was less than 150, being, according to the 1937-1938 census, 46 scholastics. Based upon these findings, others being deemed immaterial, it was the conclusion of the trial judge, in substance, that consent of Stephens County authorities was by law made a condition upon which legislative authority was delegated to effect the proposed consolidation.

The action of the court in sustaining the plea to the jurisdiction and dismissing the proceeding was erroneous, we think, considered from any viewpoint. If it should be granted that the validity of the election was dependent upon the consent or upon some action of Stephens County school officials, it would by no means follow that the court was without jurisdiction to hear the election contest. In an election contest the determinative issue may involve a question of whether the election is void or valid. If the court is given jurisdiction to declare an election void or valid, certainly a plea to the jurisdiction grounded alone upon the contention that the election is void would present no jurisdictional question.

If the contestants should prevail in the action the effect of the court's judgment would be to establish the validity of the election and that its result was in favor of consolidation with the Albany Independent School District; assuming, of course, that there was no successful contest of the election in the Albany district. If the election in the Ibex Independent School District was for any reason void the contestees could, perhaps, present that issue by way of defense. Should the contestants be able to show that illegal votes were counted, which, being excluded, a majority of the votes would be shown to have been for consolidation it may be that the effect would be obviated if the contestees were able to show that regardless of the number of votes for, or against, the proposition the election was void. We need not express a definite opinion upon this point.

We are of the opinion, however, that it was not shown that the election was void on the ground presented by the plea to the jurisdiction. The authority undoubtedly exists for the consolidation of two contiguous independent school districts. R.S. 1925, Art. 2806, Vernon's Ann.Civ.St. art. 2806. Is such authority affected by the fact that one of the districts has territory lying in a different county? We think no good authority can be found to support that proposition. Shackelford County School authorities assumed, and had for a long time exercised, control and jurisdiction over the Ibex Independent School District, and that, if material, is as much as need appear. Jurisdiction in fact and right of administration, will be presumed.

Said Art. 2806 in authorizing consolidations of school districts expressly names "contiguous independent school districts." A proviso in the article is "that when it is proposed to consolidate contiguous county line districts the petitions and election orders prescribed in this Act shall be addressed to and issued by the County Judge of the County having jurisdiction over the principal school of each district and the results of the election shall be canvassed by the Commissioners' Court of the said county." The proposed consolidation out of which this contest arises did not involve a proposition "to consolidate contiguous county line districts" as to which the law, as quoted above, provides that the "petitions and election orders * * * shall be addressed to and issued by the County Judge of the County having jurisdiction over the principal school of each district" etc. That proviso by its terms relates to the consolidation of county line districts with county line districts. But even if said proviso applied, it is nevertheless true that the County Judge who ordered the two elections involved in the proposed consolidation was "the County Judge of the county having jurisdiction over the principal school of each district"; since the Ibex Independent School District had but one school, and that located in Shackelford County, the same as the principal school of the other district. The Commissioners' Court which declared the result of the elections so ordered and held was the Commissioners' Court of the same county.

Revised Statutes 1925, Art. 2744, and the provision therein reading: "Such district shall not be changed or abolished except by the consent of the commissioners court of each county having territory contained therein" does not affect the question. For one reason, that statute by its terms applies only to "common county line school districts." No such district is here involved. Another reason is that said provision of Art. 2744 was enacted in 1911, while even as late as the 1925 Revision of the statutes, Art. 2806 did not include authority, as it was subsequently amended to do, for the consolidation of two independent school districts. Such subsequent amendment must be given effect even if to do so requires us to hold that it repealed said provision of Art. 2744, as applied to the situation here presented.

Our conclusions require that the judgment of the court below dismissing the election contest on the ground of a want of jurisdiction should be reversed and said action directed to be reinstated for trial in due course, and it is accordingly so ordered.