## RICE CONSOL. COMMON SCHOOL DIST. NO. 13 et al. v. CITY OF TYLER.

### No. 5904.

Court of Civil Appeals of Texas. Amarillo.
Feb. 28, 1949.

Rehearing Denied March 28, 1949.

Florence and Florence, of Gilmer, and D. S. Meredith, Jr., of Longview, for appellants.

Smith & Smith, of Tyler, for appellee.

PITTS, Chief Justice.

Appellants, Rice Consolidated Common School District Number 13, of Smith County, Texas, acting through its duly named trustees, together with C. R. Smith, in his official capacity as superintendent of the said school, and five other named individual resident property owners and taxpayers of the said district instituted this suit on December 11, 1947, against appellee, the

City of Tyler, Texas, as a city duly chartered under the laws of Texas, seeking to have alleged purported ordinances attempting to annex a part of the said school district to the said City passed by the City of Tyler's city commission finally on July 16, 1946, set aside, decreed to be null and void and of no force and effect. In the alternative, appellants seek to have appellee decreed to be liable for its proportionate part of a $36,000 bond issue authorized by the said school district in the event the court finds and decrees that the said purported ordinances seeking to annex a part of the said school district to the City of Tyler to be valid. Appellee answered with a challenge that appellants' pleadings constituted an unauthorized collateral attack on the ordinances lawfully passed by the City of Tyler extending its city limits and further pleaded that it had lawfully annexed a part of the said school district to its limits and it was then ready, able and willing to pay its proportionate part of the outstanding bonded indebtedness existing against the said school district at the time the City annexed the territory here involved to its city limits but the alleged $36,000 bonded indebtedness did not exist at the time of such annexation and appellee was not therefore liable for any part of the same.

Trial was had to the court without a jury and the trial court found that the proceedings of the City of Tyler had in the process of annexing the territory in question to its limits were not void and that appellants' attack thereon constituted a collateral attack on valid proceedings and the trial court was therefore without jurisdiction to try the said cause and the same was dismissed. Appellants perfected their appeal to the Sixth Supreme Judicial District and the case was transferred to this court by the Supreme Court of Texas. By mutual agreement of the parties the same was submitted and argued before us at Amarillo.

There are two controlling issues to be determined by us, namely, whether or not the territory in question has been legally annexed to the City of Tyler and whether or not the said $36,000 bonded indebtedness of the said school district was a proper

outstanding bonded indebtedness to be partly assumed by the City of Tyler at the time the territory in question was annexed, provided the same had been legally annexed to the City.

The City of Tyler is a home rule city operating under the provisions of Article XI, Section 5 of the State Constitution, Vernon's Ann.St. and possesses all of the legislative powers usually vested in the governing body of cities and towns under the Constitution and laws of Texas and under the provisions of its charter. Appellants concede that the City of Tyler had authority under its charter to annex the territory in question but they contend that such was not legally done. The court held in the case of Cohen v. City of Houston, Tex.Civ.App., 176 S.W. 809, writ refused, that such a city has authority to annex additional territory without the consent of the residents of such territory or even over the protests of such residents. Appellants contend that the proper notices were not given prior to the successive meetings of the city commission of Tyler held on July 13, 15 and 16, 1946, at which meetings the proceedings were had which resulted in the annexation of the territory in question but the record refutes their contention in this matter.

Appellants further contend that inasmuch as the school district began its proceedings for holding a bond election before the City of Tyler began its proceedings for annexation, the said City was without authority to proceed with the matter of annexation until the bond election proceedings of the school district had been completed. They further contend that the school district acting through the county judge acquired jurisdiction first and the City of Tyler being a co-ordinate body or tribunal had no authority to interfere with the proceedings of the school district to vote its bonds. The record reveals that the petition for a bond election in the school district was presented to the county judge of Smith County on July 6, 1946, and the election was ordered for July 18, 1946, while the final order of the City of Tyler annexing the territory in question was passed and the said territory was annexed to the City on July 16, 1946.

It therefore appears that the territory in question was annexed to the City some ten days after the election was ordered for the school district and two days before the bond election was held. In our opinion the two bodies or tribunals referred to are not similar municipal organizations of equal rank, power or authority and therefore did not have co-ordinate jurisdiction as contended by appellants. The City of Tyler is a body politic established by law and is a municipality with constitutional and legal authority delegated to it to regulate its affairs and annex adjacent territory to its limits while the authority of the school district is limited and it has no such authority within itself as that vested in the City but it must look to a higher authority to institute proceedings in order to either change its boundaries or vote bonds. This court held in the case of City of Beaumont Independent School Dist. v. Broadus, Tex. Civ.App., 182 S.W.2d 406, 410, writ refused, that a school district, in its corporate capacity, "has no vested right in respect to the territorial boundaries of the district. * * * The Legislature has authority to change at will the territorial boundaries of any school district and to provide the mode and agencies by which such change shall be effected." The City of Tyler acted under authority of law conferred upon it in annexing the territory in question to its city limits. It is true that valid proceedings of the said City annexing a part of the said Rice School District to the said City took a part of the territory away from the said school district and, under the laws and the city charter, made such territory a part of the City of Tyler School District, yet such proceedings did not abrogate the proceedings of the school district in its attempt to vote more bonds. In our opinion the facts in the cases cited by appellants are not analogous to the facts found in the record in this case and the said cases cited by them do not support their contentions.

■ It is our opinion that appellants have failed to show that any of the city ordinances in question were void or that any irregularities existed in the proceedings of the City of Tyler that may have a tendency to invalidate the ordinances of the City in annexing the territory in question to its city limits. But, assuming that irregularities may have existed as appellants are contending, the Fiftieth State Legislature, subsequent to the date of the proceedings of the City in annexing the territory in question, passed two validation acts that corrected any and all irregularities that may have existed and made the annexation valid. Both acts were passed in 1947. The said acts are found in Vernon's Annotated Civil Statutes, Articles 2815g—36 and 2815g—38 and in General and Special Laws of the Fiftieth Regular Session of the State Legislature in 1947, page 60, chapter 46 and page 483, chapter 280. The first act became effective March 20, 1947, and the latter one on May 23, 1947, and this suit was filed December 11, 1947.

■ Appellants concede that the City of Tyler had authority to annex the territory in question and it is our opinion that the City's ordinances in question were neither void or irregular, but, on the contrary, they were authorized by the Constitution, laws and the City charter and were therefore valid. Since the ordinaces annexing the territory were enacted under constitutional, statutory and charter authority, the ordinances cannot be void. It has been held that any attacks made on such ordinances annexing the territory in question are purely collateral and no such attacks can be legally made unless the ordinances are void. City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 154 A.L.R. 1434. In the last cited case the Supreme Court further held that unless such city ordinances are void, they can be questioned only by a direct suit in the nature of a quo warranto proceeding, or in a proceeding to which the State is a party. This suit is not a direct attack in the nature of a quo warranto proceeding and the State is not a party to this suit. It is our opinion that the trial court properly held that appellants' suit was a collateral attack on the city ordinances and could not be successfully maintained.

■ Under the laws of our State the City of Tyler was liable only for its proportionate part of the Rice School District's outstanding bonded indebtedness at

the time of the annexation of the territory in question on July 16, 1946. No election had been held in the said district to determine whether or not the bonds in question here should be issued at the time the territory in question was annexed to the City. It has, in fact, been held that bonds do not create a debt within the meaning of the Constitution of Texas until they are issued, lithographed, approved by the Attorney General, registered by the State Comptroller, sold and delivered to a purchaser. Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818, and Fleming-Stitzer Road Bldg. Co. v. Chastain, Tex. Civ.App., 241 S.W. 619. The record before us does not reveal that all of these necessary steps had been taken by the Rice School District in connection with the $36,-000 bond issue in question here. The witness C. R. Smith, superintendent of Rice School, testified subject to producing copies of the necessary orders for the record later, that the bonds were issued and sold. When appellants rested their case in the trial court they did so "subject to the introduction of the record with respect to the sale of the bonds." But the record does not disclose orders establishing all of the necessary prerequisites to creating legal bonded indebtedness according to the authorities heretofore cited. But, assuming that all such prerequisites had been performed, they must, of necessity, have been performed after the territory in question had been annexed to the Tyler city limits and could not therefore constitute a part of the bonded indebtedness at the time the territory in question was annexed.

It is our opinion that the record warranted the rendering of a judgment for appellee. But, since appellants' suit was a collateral attack made on the city ordinances and cannot be legally maintained and since they failed to establish in the alternative plea any right to recover from appellee on the issue of bonded indebtedness presented, it was not reversible error for the trial court to dismiss appellants' alleged cause of action after having heard the pleadings and the evidence. For the reasons stated, appellants' points of error are all overruled and the judgment of the trial court is affirmed.