255 S.W.2d 326 (1953)
MAGNOLIA SPRINGS COMMON SCHOOL DIST. NO. 10 et al.
v.
KIRBYVILLE INDEPENDENT SCHOOL DIST. NO. 905 et al.
No. 4874.
Court of Civil Appeals of Texas, Beaumont.
January 29, 1953.
Rehearing Denied February 18, 1953.
*327 Hughes & Clampitt, Jasper, for appellants.
Fisher & Tonahill, Jasper, for appellees.
R. L. MURRAY, Justice.
The appellants, Magnolia Springs Common School District No. 10 and nine individual citizens of the school districts involved, brought suit in the District Court of Jasper County against appellees, Kirbyville Independent School District No. 905, the Commissioners' Court of Jasper County, the Board of Education of Jasper County, Mt. Union Common School District No. 3 and the Board of Education of Newton County, to set aside the consolidation of Magnolia Springs Common School District No. 10 with Kirbyville Independent School District No. 905. Such consolidation was the result of an election held in both school districts, the canvass of the election returns by the Commissioners' Court of Jasper County, and the order by the Commissioners' Court of Jasper County declaring the consolidation. The substance of the allegations by the appellants, plaintiffs in the trial court, was that the consolidation election was void for two reasons, one, the County Judge of Jasper County called three different school consolidation elections to be held on the same day and the election which was the basis for the consolidation of Magnolia Springs Common School District No. 10 with Kirbyville Independent School District No. 905 was one of such elections; two, such consolidation was void and invalid because Magnolia Springs Common School District No. 10 and Kirbyville Independent School District No. 905 were not contiguous districts as required by Article 2806, Vernon's Annotated Civil Statutes of Texas. They further allege that said districts were not contiguous because Mt. Union Common School District No. 3 is a small district lying between the other two districts and that Kirbyville Independent School District attempted, prior to the consolidation election complained of, to detach from Mt. Union Common School District No. 3 and annex to Kirbyville Independent School District No. 905 some of the territory of Mt. Union District thereby making, with *328 the annexed territory as a part of Kirbyville Independent School District, the two districts contiguous. They allege that such attempted annexation was void for three reasons: (1) A majority of the trustees of Mt. Union Common School District No. 3 did not sign the petition asking for detaching and annexing as required by Article 2742f, Venon's Annotated Civil Statutes of Texas; (2) the petition for the detaching and annexing containing field notes describing the area to be detached and annexed were altered after the petition was presented to the Jasper County Board of Education, and the field notes of the territory to be annexed as presented to the Board of Education were therefore different from the field notes in the petition signed; and (3) because such action of detaching and annexing was not approved by the Newton County Commissioners' Court, which approval was required by Article 2806, Vernon's Annotated Civil Statutes of Texas, since Kirbyville Independent School District No. 905 is a county line district with territory in both Jasper and Newton Counties.
The appellees Kirbyville Independent School District No. 905 et al. filed a plea in abatement, special exceptions and an answer. The plea in abatement alleged that the plaintiffs below had failed to give notice of their intention to contest the election, and had made no allegation in their petition that they had given such notice as required by law. The transcript contains the plea in abatement and the appellees, in their brief, say that it was overruled but we find no order of the court overruling it and the judgment contains no reference to the plea in abatement. However, in the court's findings of fact and conclusions of law the court states, "It was the contention of plaintiffs' attorneys that the suit was not an election contest and after hearing testimony on the plea in abatement, same was overruled." The appellees present this point again under "Appellees' Assignment of Error." The appellants in their reply brief ask that said point not be considered because the appellees took no exception to the judgment of the court, which was in their favor, denying any relief to the appellants and the appellants were the only ones who excepted to the judgment and gave notice of appeal. On the authority of Poss v. Anderson, Tex.Civ.App., 188 S.W.2d 726 and Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W.2d 1002, we hold that such a contention by the appellees can not now be considered by this court on appeal since they took on exception to the judgment.
The appellees also filed special exceptions to the pleadings of the appellants, raising the same question of lack of notice of the contest of election as was presented in the plea in abatement, and the further exceptions that the petition failed to state the authority under which the plaintiffs below were attempting to prosecute such suit, did not allege that they had the authority to file such suit, and they further excepted to the petition on the ground that it showed on its face that it was a collateral attack on the action of Kirbyville Independent School District No. 905, the Jasper County School Board and Mt. Union Common School District No. 3 in entering an order detaching certain portions of Mt. Union Common School District No. 3 and annexing the same to Kirbyville Independent School District No. 905, and that such an act on the part of the named school agencies cannot be regarded or questioned in an election contest, but can only be brought in a quo warranto proceeding by some agency of the State. The appellees in their brief say that such special exceptions were overruled by the trial court and refer us to pages 12 and 13 of the transcript. We find that pages 12 and 13 of the transcript contain the first two pages of "defendants' original answer" and the special exceptions relied on by the appellees, but we find nowhere in the transcript any order or other proceedings showing that the trial court took any action of such exceptions. Special exceptions are not mentioned in the judgment. At the outset of the trial on the merits, counsel for the appellees objected to any and all evicence to be offered by appellants for the reason that the matter under consideration and of which evidence offered would be a collateral attack on the action *329 taken by the school districts and since this was not a quo warranto proceeding, all of the evidence should be inadmissible in this proceeding. Counsel for the appellants stated that they were alleging that the action was void and therefore subject to a collateral attack. The court then overruled the objection and permitted the testimony to be introduced. We believe the action of the trial court was proper. The appellants were not contending that the election complained of was merely voidable but contended that the election was void and therefore subject to the collateral attack as brought by them in their suit, and therefore an action by some agency of the State in a quo warranto proceeding was not required to bring such a suit. The entire proceedings under attack therefore were considered by the trial court, and must be considered here, with regard to whether such actions under attack were of such a nature as to warrant a judgment declaring the annexation and the consequent election and consolidation to be void. See Mesquite Independent School District v. Gross, 123 Tex. 49, 67 S.W.2d 242.
A number of stipulations were dictated in the Statement of Facts by counsel for both parties, and other testimony was introduced. At the conclusion of the evidence the court rendered judgment that the plaintiffs take nothing by their suit.
At the request of the appellants the court filed findings of fact and conclusions of law. The findings of fact are amply supported by the evidence and the stipulations on the material facts. They are as follows:

"Findings of Fact
"1. The Magnolia Springs Common School District No. 10 of Jasper County, Texas, was a valid and subsisting common school district prior to its consolidation with Kirbyville Independent School District; and that the other plaintiffs, Louis Withers, J. W. Behannon, Lee Hyatt, Alton L. Smith and S. W. Horn, are qualified voters and taxpaying citizens residing within said school district.
"2. It was agreed, and I so find, that plaintiffs, Tom Ener, Harvey Bluitt, Charlie Wright and Presley Wright are qualified voters and taxpaying citizens of the Mt. Union Common School District No. 3 of Jasper County, Texas; but it was not alleged and no proof was offered that they were suing for and on behalf of Mt. Union Common School District No. 3; in fact, Mt. Union Common School District No. 3 was made a defendant in this suit.
"3. The Kirbyville Independent School District No. 905 is a county line district, having territory in both Jasper and Newton Counties, and has its principal school and administrative office in Jasper County; and that both Magnolia Springs Common School District No. 10 and Mt. Union Common School District No 3 lie wholly within and are administered under the supervision of Jasper County.
"4. I find that Lonnie Simmons and forty-two other persons living within a poriton of old Mt. Union Common School District No. 3, as it then existed, signed a petition in writing and presented it to Johnnie McCloud who is County School Superintendent of Jasper County and Secretary of the County Board of Trustees in and for Jasper County, on the 18th day of February, 1952, respectfully petitioning the County Board of School Trustees of said county to detach a described area of the Mt. Union Common School District No. 3 of Jasper County, Texas, and annex the detached area to the Kirbyville Independent School District. The area to be detached from the Mt. Union Common School District and attached to the Kirbyville Independent School District had a common boundary line of more than four miles in length. In this case the old Mt. Union District comprised about twenty-five square miles and the area remaining after the detachment and annexation would be thirteen or fourteen square miles, in other words, some forty percent of the old district was included in the area to be detached and annexed. The petition gave the metes and bounds of the territory to be detached from the Mt. Union District and added to the Kirbyville Independent District, and it was signed by a majority of the qualified voters living within the territory to be detached. Two of the three trustees of old Mt. Union School District, *330 namely, Lonnie Simmons and James Vanpelt, signed the petition along with forty-one other persons.
"5. On the 18th day of February, 1952, the trustees of the Kirbyville Independent School District unanimously approved the annexation of the proposed area to Kirbyville Independent School District, and said memorandum of approval was attached to the petition when it was presented to the Secretary of the County Board of Trustees.
"6. The Jasper County Board of Trustees met in the County Superintendent's office at Jasper, Texas, on the 22nd day of February, 1952, when, among other things, it considered the petition for detachment and annexation. A large unmber of people, most those who had signed the petition, met with the County Board of Trustees; this meeting extended through the morning and afternoon, during which time all the members of the County Board of Trustees were present and most of the petitioners and visitors were present. The petition for detachment and annexation, embodying the field notes and the accompanying map, was examined and some of those present desired to be included in or excluded from the proposed detached area. One-half a dozen or more of those present and desiring a change, according to the map and field notes introduced in evidence, made an agreement with the County Board of Trustees to have their real property included or excluded, as they desired, and the change was indicated on the original map and effected the inclusion or exclusion of small personally owned acreage for a distance of more than a mile along a public road, as indicated by the field notes and a map introduced in evidence. The inclusion or exclusion of such personally owned real property necessitated the redrafting of the field notes, which was later done, and then the new field notes were substituted for the old notes. After this change was made, pursuant to agreement, the County Board of Trustees passed an order transferring the territory and redefining the boundaries of the districts affected by said transfer and cause the order to be recorded in the Minutes of County Board of Trustees.
"7. Kirbyville Independent School District, being a county line district and having territory in both Jasper and Newton Counties, the County School Trustees of Newton County approved the annexation made on February 22nd, 1952, at its next meeting on March 7th, 1952.
"8. The annexation above referred to created a common boundary between Magnolia Springs Common School District No. 10 and the Kirbyville Independent School District.
"9. It was stipulated, and I so find, that the elections called by the County Judge of Jasper County upon the petitions presented on the 3rd day of March, A.D. 1952, by legally qualified voters and residents of the said Magnolia Springs Common School District No. 10 and the Kirbyville Independent School District No. 905, praying for a consolidation of the said Magnolia Springs Common School District with the Kirbyville Independent School District, was ordered, and was duly held on the 29th day of March, A.D. 1952; and the majority of voters in each of said districts voted in favor of consolidation; and that the returns of said elections were canvassed by the Commissioners Court of Jasper County, and the Court, having found that each of said districts voted in favor of said consolidation, declared these two districts consolidated on the 1st day of April, A.D. 1952, and made the necessary orders and entries pursuant thereto.
"10. I find that the County Judge of Jasper County, Texas did authorize and call the several elections based upon petitions filed with him, all of which elections were called to be held on the 29th day of March, A.D. 1952, as follows: (1) an election in each district submitting to the voters of both the Kirbyville Independent School District No. 905 and the Call County Line Independent School District No. 906 the proposition of whether or not the said Call County Line Independent School District and the Kirbyville Independent School District should be consolidated; (2) an election in each district submitting to the voters of both the Magnolia Springs Common School District *331 No. 10 and the Kirbyville Independent School District No. 905 the proposition of whether or not the said Magnolia Springs Common School District and the Kirbyville Independent School District should consolidate; and (3) an election in each district submitting to the voters of both Temple Springs Common School District No. 9 and the Kirbyville Independent School District No. 905 the proposition of whether or not Temple Springs Common School District and the Kirbyville Independent School District should consolidate; and that the Call County Line Independent School District No. 906 and the Kirbyville Independent School District No. 905 are county line school districts having territory in both Jasper and Newton Counties, with the supervision and administrative affairs resting in Jasper County. And I further find that the majority of the voters in the Call County Line Independent School District and the Kirbyville Independent School District voted for the consolidation of the Call County Line School District with the Kirbyville District; and I further find that the majority of the voters in the Magnolia Springs Common School District and the Kirbyville district voted for the consolidation of said Magnolia Springs District with the Kirbyville District; and I further find that the majority of voters in the Kirbyville Independent School District voted in favor of consolidation of the Temple Springs Consolidated Common School District and that the majority of the voters in the Temple Springs Consolidated Common School District voted against the consolidation with the Kirbyville Independent School District."
The Court's conclusions of law were as follows:
"1. I conclude as a matter of law that a majority of the qualified voters residing in the territory to be detached from the Mt. Union Common School District No. 3 and annexed to the Kirbyville Independent School District signed the petition presented to the County Board of Trustees requesting such detachment and annexation. The County Board of Trustees had the legal right to determine whether the petitioners constituted a majority of the resident citizens and whether or not they were qualified voters of the area, and, in the absence of any direct proof to the contrary, it is presumed that the County Board of Trustees performed its duty.
"2. I conclude that a majority of the local trustees of Mt. Union Common School District signed the petition for detachment and annexation, as required by law, since it was proven that Lonnie Simmons and James Vanpelt were trustees and that they signed the petition along with forty-one other persons.
"3. I conclude that the change in the original field notes describing the area made by agreement of the petitions and the County Board of Trustees on the 22nd day of February, A.D. 1952, at the hearing on said petition, though irregular, is not sufficient to invalidate the order of the County Board of Trustees transferring the territory was redefining the boundaries of the two school districts. This holding of the trial court is correct because the Mt. Union Common School District No. 3 was not named as a plaintiff seeking such relief, nor was it represented by others suing for and on behalf of it; on the other hand, said school district was made a defendant in this law suit. It filed an answer in this suit, alleging, among other things, a denial of the allegations contained in plaintiffs' petition, thereby expressing its satisfaction with the annexation.
"In the second place, this suit seeks to set aside a consolidation order made by the Commissioners Court of Jasper County consolidating Magnolia Springs Common School District No. 10 with Kirbyville Independent School District, after favorable consolidation elections were held in both school districts, and the same is a collateral attack upon the order of annexation made by the County Board of Trustees on February 22nd, 1952, wherein certain territory was detached from Mt. Union Common School District No. 3 and attached to Kirbyville Independent School District.
"4. I conclude that the annexation of a part of Mt. Union Common School District *332 No. 10 with Kirbyville Independent School District made Magnolia Springs Common School District No. 10 contiguous with Kirbyville Independent School District.
"5. I conclude that there is nothing irregular or illegal in the action of the County Judge of Jasper County in calling all of the consolidation elections on the same date. He had before him the petitions of Call County Line Independent School District No. 906 and Kirbyville Independent School District No. 905 praying for a consolidation election; the petition of Magnolia Springs Common School District No. 10 and Kirbyville Independent School District praying for a consolidation election; and the petitions of Temple Springs Consolidated Common School District No. 9 and Kirbyville Independent School District praying for a consolidation election. The County Judge of Jasper County had no alternative other than to call said elections in pairs as he did.
"6. I conclude that the approval by the Newton County Board of Trustees made on the 7th day of March, 1952, respecting the annexation of a part of Mt. Union Common School District to Kirbyville Independent School District, though made four days after the consolidation elections were called, is sufficient and does not invalidate the result of the consolidation elections."
The appellants bring their appeal on five points as follows: (1) The Court erred in holding that the majority of the trustees of Mt. Union Common School District No. 3 signed a petition for detaching and annexation; (2) the Court erred in holding that changing the field notes or map, though irregular, was not sufficient to invalidate the order of the Trustees of Jasper County in detaching and annexing territory to Kirbyville Independent School District No. 905; (3) the Court erred in holding that the approval of the Newton County Board of Trustees four days after the consolidation election was called was not sufficient to invalidate the result of the consolidation election; (4) the Court erred in holding that the action of the County Judge of Jasper County was not irregular or illegal in calling all three of the consolidation elections to be held on the same date; (5) the Court erred in holding that the Kirbyville Independent School District No. 905 and Magnolia Springs Common School District No. 10 were contiguous as a result of annexation of a portion of Mt. Union Common School District No. 3 at the time the elections were ordered.
Appellants' first point is overruled. They argue under this point that while it is true that Mr. Simmons and Mr. Vanpelt, who were two of the three trustees of Mt. Union Common School District No. 3, did sign a petition requesting the County Board of Trustees of Jasper County to detach certain territory from Mt. Union and annex the same to Kirbyville Independent School District, still there was no indication on the petition that these two gentlemen signed the same in their official capacity as such trustees; they argue further that the acts of governmental or administrative boards must be done as a body and that the acts of individual members of such boards do not bind the board or the political subdivision which they represent. The statute in question, Article 2742f, Vernon's Annotated Civil Statutes of Texas, does not use language which would require an indication in the petition that the majority of the members of such a school board were acting as such boards. The pertinent portion of the statute reads as follows: "* * * the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached." If the language of the statute had been to the effect that such petition must be signed or approved by the Board of Trustees of said district, the argument of the appellants would have more force. From the reading of the statute itself we conclude that it requires only that at least two of the three members of the Mt. Union Common School District Board be signers of the petition. Two members of the Board did sign it, and that is sufficient. It is aptly said in the case of Barber v. County Board of School Trustees, Tex.Civ.App., 43 S.W.2d 319, 320, "the whole structure of legislation concerning *333 the operation of our public school system would be jeopardized, and that system seriously demoralized and hampered, if courts should attempt to strictl construe all the vague, confusing, conflicting, and constantly changing statutes upon that subject. A substantial compliance with the objects of each act, when and if ascertainable, is all that may be hoped for, and this may be accomplished only by a liberal construction of those acts to that end."
Appellants' second point is overruled. The proceedings before the Jasper County School Board and in the office of the County School Superintendent after the petition was presented in its original form and the hearing thereon, lasting through one day and part of another, resulting in the change in the field notes of the territory proposed to be annexed and detached, did not render the entire proceedings void and subject to a collateral attack. The County Board of Education was charged with the duty of ascertaining whether the petition as finally completed and altered and corrected was then in compliance with the statute, that is, whether it properly described the territory and was signed by a majority of the qualified voters residing in the territory to be detached, and in this case, was signed by two of the trustees of said district. These questions were determined by the Board in favor of the regularity and sufficiency of the petition, after the changes were made, and in the absence of evidence to the contrary we must presume that they did ascertain that said petition with its changed boundaries was approved by and signed by a majority of the qualified voters of said territory. In fact, under the circumstances shown by this record, with almost all of the interested parties appearing before the Board during the time it was considering the petition, such a presumption is consistent with the probable facts. We regard this as being a substantial compliance with the statutes and under the authority of Barber v. County Board, supra, it was not such an irregularity as would make void the entire proceedings.
Appellants' third point is overruled. The approval of the Newton County Board of Trustees, which was made four days after the consolidation elections under examination were called, was not essential to the validity of this election. Article 2742f, supra, Section 1, the statute under which the election to detach from and annex to was held, makes no provision for or requirement of any approval by the Newton County Board of Trustees in a case such as this. Section 1-a immediately following Section 1 pertains to detaching a territory from a school district for the purpose of incorporating it into a new common school district or a new independent school district. It provides that notice of the proposed action must be given in writing to officers of the Board of Trustees of each district whose area is to be affected by such transfer of territory. We do not believe that Section 1 applies here since no new school district was being created by the proposed election. Article 2806, Vernon's Annotated Civil Statutes of Texas, on which the appellants rely under this point apparently does not apply to this election. The opening sentence of such Article reads as follows: "On the petition of twenty (20) or a majority of the legally qualified voters of each of several contiguous common school districts, or contiguous independent school districts, or one or more independent school districts and one or more common school districts constituting as a whole one continuous territory, praying for the consolidation of such districts for school purposes, the County Judge shall issue an order for an election to be held on the same day in each such district * *." The statute in question seems to contemplate a wholesale consolidation of several districts, and does not appear to apply to the situation provided for in Article 2742f which provides for detaching and annexing a portion of a contiguous school district upon the petition of the majority of the qualified voters of the district to be annexed, etc. Our examination of these various statutes and the litigation which has arisen thereunder in regard to schools and school districts has brought forceably *334 to our attention the observation of Judge Critz in the opinion in County School Trustees of Orange County v. District Trustees of Prairieview Common School District, 137 Tex. 125, 153 S.W.2d 434, 436, which was, "In the beginning of this discussion we will say that this Court finds the school laws of this State very confusing and difficult of proper interpretation." We believe, however, that in the present instance the approval of the Newton County Board of Trustees was not necessary in order to make the election and annexation valid. If such approval was necessary, and it is possible that there are some other sections of the statutes in regard to school districts, which begin on page 519 [article 2741] and extend through page 1005 [article 2815t] of our statute books, which have not been called to our attention and which we have not found, which might be construed to require the approval of such an annexation by the Newton County Board, then its approval of such annexation and election at its first meeting on March 7, 1952, when the election was to be held on March 29th, would still be sufficient to meet substantially the requirements of the statutes.
Appellants' fourth and fifth points taken together urge in substance that since the annexation of a portion of the Mt. Union Common School District by the Kirbyville Independent School District was not final and complete until such act was approved by the Newton County Board, the County Judge of Jasper County was without jurisdiction to call the election in Magnolia Springs Common School District No. 10 and Kirbyville Independent School District No. 905. This is based on the assumption that the small territory belonging to Mt. Union Common School District had never been properly annexed to Kirbyville Independent School District, and Kirbyville Independent School District and Magnolia Springs Common School Districts were therefore not contiguous. Since we have decided that the annexation of Mt. Union territory was proper, it follows that we believe the Magnolia Springs and Kirbyville Independent Districts were contiguous and the County Judge of Jasper did have authority and jurisdiction to call such election. We are unable to see any irregularity in the fact that the County Judge of Jasper County, after being duly and properly petitioned to do so, called the five different elections for consolidation and annexation on the same date. These various elections were properly petitioned for and we see no lack of authority on the part of the County Judge to call the said elections.
Since this suit was not in the nature of a quo warranto proceeding, the appellants assumed the burden in this collateral attack to show that a portion of or all of the proceedings leading up to and resulting in the elections were void. This they have failed to do. We believe there has been a reasonable and substantial compliance with the statutes pertaining to said elections, sufficient to withstand the collateral attack herein made. The judgment of the trial court denying relief to the appellants as plaintiffs below was correct and should be affirmed.