**DICKENS INDEPENDENT SCHOOL DISTRICT NO. 905, Appellant,**

v.

**COUNTY SCHOOL TRUSTEES OF DICKENS COUNTY, Appellees.**

No. 6862.

Court of Civil Appeals of Texas.

Amarillo.

March 16, 1959.

Rehearing Denied April 13, 1959.

Geo. S. Bond and W. J. Martin, Lubbock, for appellant.

E. H. Boedeker, Lubbock, for appellees.

PITTS, Chief Justice.

This is a suit filed by appellant, Dickens Independent School District, No. 905, against appellees, Dickens County School Trustees, seeking to have declared invalid an order passed by the said county school trustees on May 31, 1958, annexing the said Dickens Independent School District, No. 905, of Dickens County, Texas, to the Spur Independent School District, No. 903, of Dickens County, Texas, as provided for in Article 2922a, V.A.C.S., as amended. It will be observed that said Article 2922a, as amended last in 1947, provides that the county school trustees of a county may annex one or more independent school districts having less than 250 scholastic population to another contiguous independent school district having 250 or more scholastic population.

The record before us reveals that this case was tried to the court without a jury largely upon stipulated facts made by agreement of the parties. The stipulated facts reveal that on May 31, 1958, the Dickens Independent School District, No. 905, had 96 scholastic population and the Spur Independent School District, No. 903, had 744 scholastic population, that both said school districts had been previously validly created and were then legally existing school districts and were contiguous to each other and that it would be for the best interests of the scholastic population of both districts and for Dickens County as a whole that the two said independent districts be annexed to each other for school purposes, for which reasons it was therefore on the said date unanimously ordered by a vote of the Dickens County School Trustees that Dickens Independent School District, No. 905, of Dickens County be annexed to Spur Independent School District, No. 903, of Dickens County, as provided for in Art. 2922a, R.C.S. as amended, and the order was followed by giving the metes and bounds of the new district showing it contained more than 100 square miles.

As a result of the trial the annexation of the two districts was by judgment duly entered, declared valid and legal and appellant was denied the relief sought, from which judgment an appeal has been perfected. At the request of appellant, the trial court filed its findings of fact and conclusions of law which are consistent with the record and support its judgment. Appellant presents only one point charging that error was committed by the trial court because no consent to the said annexation was obtained from the Kent County Board of School Trustees. Appellant bases its contention upon a claim made to the effect that some of the Spur Independent School District was located at the time of annexation in Kent County, Texas, and no consent was obtained from the Kent County School Trustees for the annexation.

Appellant pleaded that "On the 31st day of May, 1958, the County School Trustees of Dickens County, Texas, met and passed an order annexing the said Dickens Independent School District, No. 905, to the Spur Independent School District, No. 903 * * *" and then quotes the order showing such annexation was ordered under the provisions of Art. 2922a, R.C.S. Appellant by stipulation has agreed to the following facts: that both of the said districts were independent school districts in Dickens County, Texas; that the named county school trustees and the county school superintendent were the duly elected, qualified and acting officers of Dickens County, Texas; that both of the said independent school districts had been validly created and were then legal independent school districts contiguous to each other; that Dickens Independent School District, No. 905, had 96 scholastic population and Spur Independent School District, No. 903, had 744 scholastic population; that the county school trustees of Dickens County found that such annexation of the two said independent school districts would best serve the interests of the scholastics of both school districts and the county as a whole; that for all of these reasons the two said independent school districts were annexed for school purposes by a unanimous vote of the Dickens County School Trustees under the provisions of Art. 2922a, Revised Civil Statutes. Art. 2922a authorized the county school trustees to annex to each other two contiguous independent school districts upon meeting the scholastic requirements, as these two districts have done. In order to annex such districts no requirements are made in the said article to obtain the consent of anybody else.

While appellant is bound by the foregoing facts pleaded and agreed to by it, it further alleged in effect that the order of annexation attempted to change a county line school district without such being concurred in by the county board of school trustees of each county concerned. However, appellant had already alleged that both districts involved here were independent school districts and in the stipulation it agrees that they are both independent school districts in Dickens County, Texas. No where did appellant allege that any district involved was a county line district and no evidence was offered to the effect that either of the said independent school districts here involved was a county line district or ever known as a county line district. It was agreed that they were both independent school districts in Dickens County, Texas. However, the stipulation reveals that some of the territory in the Spur Independent School District extends over in Kent County, Texas, and that no consent was obtained from the county school trustees of Kent County to annex the two said districts. The record does not disclose how much or how little of the territory extends over in Kent County or whether or not anybody resides on that part of the territory extending over in Kent County or whether or not any of the scholastic population of the Spur Independent School District resides in Kent County. According to the record agreed to by all parties the Spur Independent School District is wholly under the jurisdiction and

control of the Dickens County School officers and authorities. There is nothing in the record to indicate that anybody in Kent County is complaining about the annexation and according to the record no change was made in that part of the independent school district that extends over into Kent County.

In any event the very statute upon which the Dickens County School Trustees relied authorized the annexation in question upon meeting certain requirements, which requirements were fully met according to the stipulated facts. The many authorities cited under the provisions of Art. 2922a, V.A.C.S., support the actions of the county school trustees of Dickens County exercised for the best interests of all who were involved. The statute relied upon does not require the county school trustees to get the consent of anybody in order to affect the said annexation. The said county school trustees are there given the power to exercise their own discretion in such a matter.

Under the pleadings and the agreed stipulated facts the trial court was justified in concluding that the authority exists for the annexation in question and that such authority is not affected by the fact that one of the districts has some territory lying in another county. While a different factual situation was presented, otherwise, such was so held in a similar situation in the case of Stephens v. Coffee, Tex.Civ. App., 133 S.W.2d 184, which case was cited with approval by this Court in the case of Hunt v. Trimble, Tex.Civ.App., 145 S.W.2d 659 (writ refused). In the Hunt v. Trimble case the controlling question was similar to the only question raised here, although the factual situation there was different otherwise from the facts presented here. However, the logical reasoning presented in that case supports the conclusion reached by the trial court in the case at bar. The judgment of the trial court is well supported also by the opinion and authorities cited in the recent case of Adkins v. Rogers, Tex. Civ.App., 303 S.W.2d 820, wherein the provisions of Art. 2922a, as amended last in 1947, are construed.

Appellant cites in support of its claims the case of State ex rel. Childress v. School Trustees of Shelby County, 150 Tex. 238, 239 S.W.2d 777, 782, which case is not analogous to the case at bar and does not apply here. In that case the order of the county school trustees was held by the majority opinion to be illegal and void because the county school trustees were attempting there to create a rural high school district when the authority relied upon did not authorize such, but in that opinion the court in construing Art. 2922a as amended did lay down strong rules in support of the creation of districts authorized by the said article, such as we have in the case at bar. The court there said in part: "The purpose of the article was to make 'provision for a better system of schools in the various counties of this State'", and to "Strengthen existing independent districts by annexation." According to the record before us such was the very purpose the county school trustees had in mind when they passed the order annexing the two districts here involved. Appellant cites and relies upon other authorities which in our opinion do not apply here and are not controlling in any event.

For the reasons stated appellant's point of error is overruled and the judgment of the trial court is affirmed.

CHAPMAN, J., not participating.