**COUNTY BOARD OF SCHOOL TRUSTEES OF LEON COUNTY et al., Appellants,**

**v.**

**LEON INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 3704.

Court of Civil Appeals of Texas.

Waco.

Nov. 5, 1959.

Rehearing Denied Nov. 25, 1959.

Robert E. Burroughs, Centerville, Mac L. Bennett, Jr., Normangee, for appellants.

J. C. Hinsley, Austin, for appellee.

WILSON, Justice.

This case involves the question of whether concurrence of County Boards of School Trustees in other counties involved in a transfer of territory, affecting independent school districts in those counties, is necessary under the undisputed facts presented.

Leon Independent School District comprises territory formerly in three independent school districts. It contains territory in Leon and Robertson Counties. The land sought to be transferred from this district lies wholly in Leon County.

The County Board of School Trustees of Leon County, upon a sufficient petition under Art. 2742f, Vernon's Ann.Tex.Civ. Stats., entered an order transferring a portion of the Leon district to the Normangee Independent School District, which lies partly in both Leon and Madison Counties.

It passed a similar order detaching another portion of the Leon district, annexing this portion to Centerville Independent School District, which is situated wholly in Leon County. No action with reference to these transfers has been taken by the county boards of school trustees of either Robertson or Madison counties.

The Leon Independent School District sought a temporary injunction, which the trial court granted, restraining the Leon County trustees, the county superintendent, and the two receiving districts from taking action under the orders of transfer. The trial court concluded that without concurrence of the Robertson County board the order of transfer to the Centerville district was of no effect; and that without the concurrence of the county boards of Robertson and Madison Counties, the attempted transfer to the Normangee district was ineffective.

Appellants' counsel have commendably simplified the issue by presenting the sole question: Is it necessary to validity of the orders that the county trustees of Robertson and Madison Counties concur? Exhaustive and able briefs for the parties and our research indicate the question, under the precise combination of facts here involved, has not been passed upon. We think the trial judge, out of the perplexing obscurities of the school laws of Texas, reached the correct conclusion.

Appellants contend that since Art. 2742f contains no express requirement for approval of transfer by the county trustees of other counties having territory in a county line school district, such as appellee, their concurrence is not prerequisite.

As to the Normangee order, the question is foreclosed by South Taylor County Independent School Dist. v. Winters, Ind. School Dist., 151 Tex. 330, 249 S.W.2d 1010, 1012. There, as here, all the territory sought to be transferred was within the county of the county board adopting the order of transfer. In that case, as in ours, the receiving district was a county line independent school district situated partly in two counties. After holding that the transfer power of county boards as to county line independent districts emanates from Art. 2742f, the Supreme Court declared that until the county board of the county corresponding to Madison County in the instant case acted on the matter "unquestionably the territory remained part of the [original] South Taylor County Independent School District." The Supreme Court decided that until the county board of the other county in which the receiving district was also located had acted, the transfer order was not final and could be rescinded. It is to be noted that the Court of Civil Appeals in the same case, 245 S.W.2d 526, 528, had held that the transfer order was valid as extending "an invitation to the accepting board, or boards"; but also said, "it is certain that the order of either board alone would not transfer the territory."

The only distinguishing factor in the two cases is that in the Supreme Court case the independent school district from which the territory was attempted to be detached was located entirely in the county in which the county board acted; whereas in the present case such district lies in two counties. The composition of the district here obviously strengthens the application of the decision.

As to the Centerville order, although the South Taylor case may be said to be decisive in principle, a possible distinguishing fact is that the Centerville (receiving) district lies entirely in Leon County; while the corresponding district in the Supreme Court case was situated in two counties. We do not regard this factual difference as significant. However, the trial court's judgment as to Centerville is directly supported by County School Trustees of Runnels County v. State, Tex.Civ.App., 95 S.W.2d 1001, 1003, writ dis. There, as in this case, the independent school district from which territory was ordered detached was in two counties. There also, all the territory ordered detached without concurrence of the other county board, was in the county whose county board acted. As in our case, the re-

ceiving district lay wholly in the latter county. In this situation, identical to that of Centerville, after pointing out that action of authorities in both counties was requisite to creation of such a district, the Court held:

"In county line school districts * * in the changing of their district boundaries, the school authorities of both counties or all counties affected should act together in such matters * * * and we are clear in the view that Art. 2742f does not permit the county trustees of one county to detach any portion of the territory of the county line school district and attach the same to another district, without the consent and concurrent action of the trustees of each county having territory in the county line district."

Some of the reasoning in that case is questioned by appellants. Dismissal of application for the writ of error in 1936 may have indicated the Supreme Court was not satisfied the opinion in all respects correctly declared the law; but it also indicated the judgment declaring the order ineffective was correct, and the foregoing holding was the direct and indispensable basis for the judgment. It is sought to distinguish that case on the ground that the county trustees of the county failing to concur had the "administrative control" of the county line district; whereas in the present case the court found Leon County had such control. In the Runnels County case the "administrative control" was by virtue of Art. 2806 which provided that in a Consolidated Independent School District the board of trustees of the independent district having the largest number of scholastics shall serve as the new district board. The consolidated district there had just been created by election under Art. 2806. Reference in the opinion to Art. 2744 (which is held to deal solely with "*Common* County Line School Districts", Stephens v. Coffee, Tex.Civ.App., 133 S.W.2d 184, 185); and the suggestion that Art. 2742f relates where only one county is involved, become unim-

portant in view of the Supreme Court's holding in the South Taylor case, 249 S.W. 2d 1010, 1011, that the transfer power emanates from Art. 2742f. Administrative control, whatever may be its incidents, is certainly not a determinative factor in the Runnels County case, the South Taylor case nor in this one.

We do not overlook the cases relied on by appellants. Magnolia Springs Common School Dist. v. Kirbyville Ind. School Dist., Tex.Civ.App., 255 S.W.2d 326, 334, no writ hist., by the Beaumont court, contains language in support of appellants' position. The case involved a collateral attack on the transfer order. The court, after repeating the observations of Justice Critz as to confusion in school law, stated it believed Art. 2742f did not require approval; but "if such approval is necessary, and it is possible there are some other sections * * * which have not been called to our attention", then the fact that the other county board did actually concur and approve the transfer at its next meeting three weeks before the election was sufficient to constitute substantial compliance. Apparently, the Supreme Court's decision in the South Taylor case was not called to the court's attention.

Appellants draw analogy from Dickens Independent School Dist. v. County School Trustees, Tex.Civ.App., 322 S.W.2d 544, 547, n. r. e., which involved Art. 2922a authorizing county school trustees to group or annex certain common and independent districts. Although, in the course of the opinion the court states that Art. 2922a "does not require the county school trustees to get the consent of anybody", this statement is not the basis for the decision, which was that appellant pleaded affirmatively that both districts involved were independent districts and failed to plead or prove that either was a county line district. It held that "under the pleadings and agreed stipulated facts, the trial court was justified in concluding that the authority exists for the annexation in question." The court simply held that appellants' pleading, under the

stipulation, negatived application of Art. 2922a.

 The reasoning supporting the trial court's conclusions finds its basis in the recognition of the chaotic conditions which might result if each county in the present situation is left to act at independent will, without regard for, or consideration of the far-reaching effect of its actions on other counties. The basis for the trial court's order might well protect Leon County if Robertson or Madison County trustees sought to so act in a similar future case. Affirmed.

### On Motion for Rehearing

For the first time on motion for rehearing, appellants take the position that quo warranto is the exclusive method of raising the questions involved in this proceeding. Passing the issue of whether this may be so raised first on rehearing, we do not believe the position is sound.

 The general rule is that a collateral attack may not be made in challenging corporate existence, formation or alteration of school districts where there is a colorable compliance with legal requirements, Mesquite Independent School District v. Gross, 123 Tex. 49, 67 S.W.2d 242; or where the attack is based on some mere irregularity or defect in the proceedings. In such cases, quo warranto in which the state is a party is the exclusive remedy. Parks v. West, 102 Tex. 11, 111 S.W. 726; Crabb v. Celeste Independent School Dist., 105 Tex. 194, 146 S.W. 528, 9 L.R.A.,N.S., 601; Rice Consol. Common School Dist. v. City of Tyler, 219 S.W.2d 558, writ ref. n. r. e.; Mathis Independent School Dist. v. Odem I. S. D., Tex.Civ.App., 222 S.W.2d 270; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231. See City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 154 A.L.R. 1434; King's Estate v. School Trustees, Tex.Civ.App. 33 S.W.2d 783, writ ref.

The rule is entirely different, however, where the proceedings are without authority of law or there is failure to take essential steps. In such cases the board has no potential jurisdiction, its actions are void and injunctive relief is available.

 Here, the potential jurisdiction is expressly limited under the law to cases in which the required concurrence exists. In such cases, since the attempted action without concurrence is void, injunction is the proper remedy. Mesquite Independent School Dist. v. Gross, 123 Tex. 49, 67 S.W. 2d 242, 246; Parks v. West, 102 Tex. 11, 111 S.W. 726, 729; Town of Sunnyvale v. Dallas County Board, Tex.Civ.App., 283 S.W.2d 296; 37–B Tex.Jur. Sec. 48, p. 197. The motion for rehearing is overruled.