

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 18, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78701

The Honorable George E. Dowlen
Criminal District Attorney
Randall County
Canyon, Texas 79015

Opinion No. H- 555

Re: Voting status of county
line independent school district
residents and procedure for
detaching and annexing school
district territory.

Gentlemen:

You have asked whether persons residing in Randall County but living within the boundaries of the Amarillo Independent School District are permitted to vote for the offices of Randall County Board of School Trustees. The Amarillo Independent School District, a county-line district, is under the administrative control of Potter County pursuant to section 17.01, Education Code. Attorney General Opinion V-591 (1948), based on section 8 of article 2742b, V. T. C. S., decided that such residents of an independent school district could not vote in elections to fill county school trustee posts for the county which did not have administrative control of the school district in which they lived. Subsequently statutory changes have prompted reconsideration of that conclusion.

In 1969 Titles 1 and 2 of the Texas Education Code were adopted. Article 2742b, V. T. C. S. was expressly repealed. Many of its provisions were incorporated into various sections of the new Education Code, but not the provision of section 8 upon which Opinion V-591 was based.

Former article 2745a, V. T. C. S. spoke directly to the election of county school trustees, permitting residents of a school district to vote for the county school trustees having management and control of the school district regardless of the county in which they lived. Its successor, section 19.104 of the Education Code, now reads:

> All persons who are otherwise qualified to vote in
> an election involving a school district question and who
> reside in a county line school district shall be entitled
> to vote at any such election involving the school district
> regardless of whether or not such voters reside in the
> county having management and control of the county line
> district.

No definition is given of "a school district question" or "any such election involving the school district," but we think it remained the intention of the Legislature to permit persons situated in areas under the management and control of particular trustees to have a voice in their selection. In fact, the Equal Protection Clause of the federal constitution may require it. Hadley v. Junior College District, 397 U.S. 50 (1970); Avery v. Midland County, 390 U.S. 474 (1968).

Section 17.02 of the Education Code specifies that "unless otherwise provided by law" the county board of school trustees of a county shall be composed of five members, one of whom shall be elected from each of the four commissioners precincts of the county by the qualified voters of such precincts, and one from the county at large. Inasmuch as section 19.104 of the Education Code permits voters living outside a county to vote in any election for the county school trustees of that county if those trustees administer and control a county-line school district, the "unless otherwise provided by law" language of section 17.02 is applicable.

The Texas Constitution deems every person a qualified elector who is of the requisite age, who has resided in Texas one year, and who has resided in the county or district in which he or she offers to vote for the last six months prior to the election. Art. 6, § 2, Tex. Const. The Legislature cannot prescribe a different standard unless the Constitution authorizes it. King v. Carlton Ind. Sch. Dist., 295 S.W. 2d 408 (Tex. Sup. 1956).

In our opinion, persons residing in a county line school district but not in the county having management and control of the school district offer to vote in the school district when they seek to vote for county school trustees pursuant to section 19.104 of the Election Code. This concept

is supported by subsections (d) and (e) of section 17.03 of the Code which governs the manner of holding elections for county and other school trustees. Those subsections provide that the order for such elections must designate as voting places in each school district the same places used for voting on district trustees and they specify that residents of a commissioners precinct may thereby validly be required to vote at polling places outside that precinct. See Teeple v. Beedy, 316 S.W.2d 311 (Tex. Civ. App. --Amarillo 1958, no writ).

We are therefore of the opinion that persons may vote only for those county school trustees who have management and control of the school district in which they reside, and may not vote for county school trustees who do not have such power, even though they reside in the county for which the school trustees are to be elected. Persons residing within the Amarillo Independent School District may not cast votes in elections for county school trustees of Randall County.

Each of you has also addressed a situation arising from the desire of a land developer located in the City of Amarillo, but within Randall County and the Canyon Independent School District, to have sixty acres of land detached from the Canyon Independent School District and annexed to the Amarillo Independent School District. Mr. Dowlen has posed these questions:

> (1) May the Randall County School Board detach land from the Canyon Independent School District without its consent?
>
> (2) Does the Randall County School Board have any authority to detach or annex land without previously having been given approval by the Amarillo Independent School District?
>
> (3) Assuming that all conditions have been met prior to the hearing set out in Article 19.261, Texas Education Code, must the Randall County School Board detach and annex the land as sought in the petition, or is it purely a discretionary function on their part?

The procedure for detaching territory from one school district and annexing it to another is set out in Chapter 19 of the Texas Education Code, Subchapter I.   The various provisions of subchapters J and K either do not apply or do not affect the results.   Section 19.261 reads:

> (a) The county school trustees or county board of education, as the case may be, in each county of this state shall have the authority, when duly petitioned as herein provided and in compliance with the limitations of Subchapter K of this chapter, to detach fromand annex to any school district territory contiguous to the common boundary line of the two districts.
>
> (b) The petition requesting detachment and annexation must:
>
> (1) be signed by a majority of the qualified voters residing in the territory to be detached from one district and added to the other; and
>
> (2) give the metes and bounds of the territory to be detached from one district and added to the other.
>
> (c) The proposed annexation must be approved by a majority of the board of trustees of the district to which the annexation is to be made.
>
> (d) Unless the petition is signed by a majority of the trustees of the district from which the territory is to be detached, no school district territory may be detached where the ratio  of the number of scholastics residing in the district from which the territory is to be detached is less than one-half the ratio of the assessed valuation (based on preceding year valuations) in the territory to be detached to the total assessed valuation (based on the preceding year valuations) of the district from which the area is to be detached.

(e) No school district may be reduced to an area of less than nine square miles.

(f) Upon receipt of the petition and notice of the approval as required by this section, the county governing board shall notify the trustees of any other common school districts which may be affected by any contemplated change and specify the place and date at which a hearing on the matter shall be held and at which the trustees of any common school district to be affected shall be given an opportunity to be heard.

(g) After the conclusion of the hearing, the county governing board may pass an order transferring the territory and redefining the boundaries of the district affected by the transfer. The order shall be recorded in the minutes of the county governing board.

(h) Any outstanding indebtedness affected by a change in boundaries shall be adjusted by the county governing board as provided in Subchapter N of this chapter.

We are advised by the attorney for the Canyon Independent School District that no scholastics resided in the territory sought to be detached at the time of the last scholastic census. We have not been advised of the most recent assessed valuation in the territory, but it obviously must have been assigned some value. We do not resolve disputed fact issues, but if it is correct that the scholastic population of that territory at the time of the last scholastic census was zero, then the ratio of the number of scholastics residing there to the total number of scholastics residing in the Canyon Independent School District must be less than one-half the ratio of the assessed valuation of the territory to the assessed valuation of the whole district, and the territory could not be detached unless the petition to detach is signed by a majority of the trustees of the Canyon Independent School District as required by subparagraph (d) of section 19.261. Also,

see Lakeview Common School District v. County School Board of Trustees of San Saba County, 38 S. W. 2d 598 (Tex. Civ. App. --Austin 1931, no writ).

The remaining two questions are answered by the plain language of section 19.261 subparagraphs (c) and (g) set out above. A proposed annexation must be approved by a majority of the board of trustees to which the annexation is to be made. Also see section 19.332 of the Education Code (Subchapter K). In a proper case after a hearing a Board of County School Trustees may, but is not required to detach or annex land as sought in a petition assuming that all legal requirements have been satisfied. The decision of the trustees can be appealed administratively, but the final administrative decision is reviewable in court only for an abuse of discretion or a lack of substantial evidence to support the decision made. Education Code §11.13; Wylie Independent School District v. Central Education Agency, 488 S. W. 2d 166 (Tex. Civ. App. --Austin 1972, writ ref., n. r. e.). Also see the two cases styled County Board of School Trustees of Leon County v. Leon Independent School District, 328 S. W. 2d 928 (Tex. Civ. App. --Waco 1959, no writ), and 336 S. W. 2d 809 (Tex. Civ. App. --Waco 1960, no writ).

## SUMMARY

Residents of county-line independent school districts may not vote in elections for county school trustees of a county which does not have administration and control of the school district in which they reside.

Where territory sought to be detached from an independent school district contained no scholastics according to the last scholastic census, it can not be detached unless a majority of the trustees of the district from which it is to be detached sign the petition to detach.

Any proposed annexation of territory to an independent school district pursuant to section 19.261 of the Texas Education Code must be approved by a majority of the trustees of the receiving district.

A county board of school trustees, after hearing
a petition to detach and annex territory from one school
district to another may order, but is not compelled to
order, such detachment and annexation.   Such an order
is reviewable administratively but the final administra-
tive decision is reviewable in court only for abuse of
discretion or lack or substantial evidence.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg